**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward Mickael RYTMAN, Defendant-Appellant.**

No. 72-3366

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 20, 1973.

Brooks Taylor, Crestview, Fla., for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Robert L. Crongeyer, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

PER CURIAM:

Rytman was convicted of a misdemeanor violation of 18 U.S.C. § 641, having been found guilty of knowingly retaining an air-conditioner compressor stolen from the United States Government.

The sole issue on appeal is whether or not the search warrant described the item with the particularity necessary to withstand the strictures of the Fourth Amendment.

The item was described in the search warrant as a Bendix-Westinghouse motor compressor CH490TA-9-2085, Serial #AA00-2002, located in an air conditioning unit at appellant's home. In actuality the stolen part was a Bendix-

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Westinghouse motor compressor CH490 TA–9–A2085, Serial #A90–2002.

 An error in a description is not automatically fatal to the validity of a search warrant. United States v. Melancon, 462 F.2d 82, 94 (5th Cir., 1972); United States v. DePugh, 452 F.2d 915 (10th Cir., 1971).

In the present case there was only one air conditioning unit located at the described premises, and, further, only one Bendix compressor installed in said unit. The warrant cannot be described as sanctioning a general exploratory search. Nor does the inclusion of a slightly erroneous numerical series give rise to a discretionary determination on the part of the executing officer.

We are satisfied that the Fourth Amendment requirement of particularity has been met.

The judgment of the district court is affirmed.