290 So.2d 112 (1974)
Willie C. SWANSON, Petitioner,
v.
The Honorable William K. LOVE, As Judge of the Circuit Court, in and for Polk County, Florida, Respondent.
No. 73-922.
District Court of Appeal of Florida, Second District.
February 6, 1974.
*113 Lex M. Taylor, Jr., Lakeland, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent.
MANN, Chief Judge.
On April 17, 1973, Swanson was taken into custody, charged with robbery. Swanson was unable to raise the fee his private counsel required and was assigned counsel, who moved for a continuance. A jury trial originally set for June 5, 1973 was reset for June 12. On June 5, the State Attorney filed a notice of nolle prosequi which indicated that Swanson's presence on the scene was for a legal purpose. On September 25, 1973, a second information charging Swanson with the same crime was filed. A jury trial was set for November 6, 1973, but in the meantime Swanson sought prohibition, alleging that trial must take place within 180 days of his original arrest. The State responds that delay chargeable to the accused, though prior to the nolle prosequi, enlarges the time. We agree with the State's contention. CrPR 3.191(h)(2), 33 F.S.A. provides:
"The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new or different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi."
It is beyond doubt that the time within which the State must bring Swanson to trial begins to run when he is taken into custody. CrPR 3.191(a)(1). CrPR 3.191(d)(3) and CrPR 3.191(f) indicate that the accused's actions may have the effect of extending the time. So the question before us is whether delays attributable to the accused following an initial information enlarge the 180 days within which the trial must be held under a second information. We think the time is so enlarged. We cannot judge, on this record, the question whether Swanson is chargeable with 27 days delay, as the State contends, which would make the trial timely. We hold that if he is chargeable under Rule 3.191 with any delay, that time is to be tacked to the 180 days to determine the latest permissible trial date. The trial judge may determine this question.
Prohibition denied. Petitioner will remain at liberty under the conditions imposed in our prior order unless the trial court, for good cause shown, shall amend or revoke that order.
BOARDMAN and GRIMES, JJ., concur.