315 So.2d 500 (1975)
STATE of Florida, Appellant,
v.
Carmine A. STANZIONE and Peter Joseph Salerno, Appellees.
No. 74-972.
District Court of Appeal of Florida, Fourth District.
July 11, 1975.
*501 Robert L. Shevin, Atty. Gen., Tallahassee, John Scarola, Asst. State's Atty., and Jonathan Jacobson, Legal Intern, West Palm Beach, for appellant.
Edward M. Kay, of Varon, Stahl & Kay, Hollywood, for appellee-Stanzione.
Philip G. Butler, Jr., of Foley & Colton West Palm Beach, for appellee-Salerno.
MAGER, Judge.
This is an interlocutory appeal by the State from an order discharging the defendants, pursuant to the "speedy trial" rule, from further prosecution for certain offenses.
The record and briefs reflect that defendants Stanzione and Salerno were arrested and taken into custody on November 29, 1973 and charged by information on December 7, 1973 with three counts:
Count 1  Breaking and entering a dwelling house with the intent to commit a misdemeanor, to-wit: petit larceny.

Count 2  Conspiracy to commit the offense described in Count 1.
Count 3  Possession of Burglarious tools.
On December 21, 1973, defendant Salerno filed a waiver of a speedy trial and on December 26, 1973, defendant Stanzione filed a waiver of speedy trial.
On February 7, 1974, a motion to sever the trial of the two defendants was filed and subsequently granted. On February 21, 1974, both defendants again waived their right to a speedy trial. On the same day a continuance was granted pursuant to a stipulation filed by the State and the defendants; and the case reset for trial on May 6, 1974. (The case had previously been set for a trial to be held on February 25, 1974.) The facts further reflect that defendants had previously filed a motion to dismiss the information which motion apparently was pending on February 21, 1974; the court granted defendants' motion to dismiss Counts 1 and 2 with leave to amend.
*502 On May 6, 1974, the date heretofore set for the trial, an amended information was filed by the State to cure an omission in the name of the individual whose house had allegedly been broken and entered into; the State also requested a continuance and the case was reset for trial on July 1, 1974.
On June 21, 1974, defendant filed a stipulation for continuance predicated apparently upon the fact that their defense counsel had been summoned to two weeks of active military duty. The case was again set for trial on July 15, 1974; however, it appears that defendant Stanzione was incarcerated in another county necessitating an order directing Stanzione's release for trial which date apparently was reset for July 17, 1974.
On July 17, 1974, the State filed a second amended information as follows:
Count 1  Breaking and entering of the same previously specified dwelling house with the intent to commit a felony, to-wit: grand larceny.

Count 2  Conspiracy to commit the offense described in Count 1.
Count 3  Possession of burglarious tools.
The defendants made an oral motion for discharge pursuant to Rule 3.191, FRCrP, (the "speedy trial" rule) which the court granted as to Counts 1 and 2 and denied as to count 3. The court entered an order of discharge setting forth the basis for its action. In essence, the court was of the opinion that defendants had not been tried within 180 days of their arrest and in this regard stated as follows:
"F.R.Cr.P. 3.191 commands the discharge of any defendant charged by Information with a felony if he has not been tried within 180 days of arrest unless certain delays are excused. The Court finds no excused delays, nor any delays by defendants which may be charged against them. See Swanson v. Love, 290 So.2d 112 (2 DCA 1974)."
Unquestionably, more than 180 days elapsed between November 29, 1973, the time defendants were taken into custody, and July 17, 1974, the last date set for trial and the date on which the State sought to file a second amended information containing new charges. However, in our opinion, the trial court erred in predicating its order of discharge upon the time limits set forth in Rule 3.191.
The trial court properly recognized the existence of the defendants' waiver of speedy trial, however, the court reasoned that these waivers were directed to a trial on the original and amended informations charging defendants with breaking and entering with intent to commit a misdemeanor, to wit, petit larceny, but such waivers were not applicable to the second amended information filed on July 17, charging the defendants with a different crime, breaking and entering with intent to commit a felony, to wit, grand larceny. The trial court further reasoned that since the second amended information, which purported to be a complete restatement of the offense, had the effect of vitiating the original and first amended information, it also had the effect of vitiating the waiver of speedy trial (and presumably vitiated the effect of the continuances prior thereto.) See Wilcox v. State, Fla.App. 1971, 248 So.2d 692.
It is clearly recognized that the periods of time established by the speedy trial rule may be waived by the defendants' affirmative action. See Rule 3.191(d)(2), FRCrP; State ex rel. Gutierrez v. Baker, Fla. 1973, 276 So.2d 470; Llano v. State, Fla.App. 1972, 271 So.2d 34; State v. Earnest, Fla.App. 1972, 265 So.2d 397. Therefore, the specific time limitations set forth in the rule were rendered inapplicable by the defendants' affirmative action of waiver on December 7 and December 26, 1973 and February 21, 1974. Additionally, when defendants were granted a continuance on June 21, 1974, likewise the specific time limitations specified in the speedy trial rule *503 were waived. State ex rel. Butler v. Cullen, Fla. 1971, 253 So.2d 861. As the Supreme Court indicated in State ex rel. Butler v. Cullen, supra, at p. 863:
"When the continuance was granted and the time limitations set forth in the rule were no longer applicable, the trial judge was nevertheless required to grant petitioners a speedy trial. In the absence of the time limitations specified in the Speedy Trial rule, the right to a speedy trial is necessarily relative. It is consistent with delays and the question of whether a trial date affords petitioners a speedy trial must be determined in the light of the circumstances of the particular case as a matter of judicial discretion. The mere lapse of time before trial is not the only factor to be considered under such circumstances. Any unreasonable delay arising from the negligence of the prosecution without fault or consent by the accused violates the guaranty of a speedy trial."
The 180-day time limit did not achieve renewed viability as a result of the State's second amended information even though that information charged the defendants with an offense different in degree from the offense charged in the original information. Absent the waiver by the defendants the 180-day rule would have been applicable; and absent the waiver and request for continuance the State could not charge the defendants with separate offenses resulting from the same criminal episode. State v. Boren, Fla.App. 1973, 273 So.2d 415.
While the State's conduct in filing the second amended information was questionable and, perhaps, open to criticism we do not deem the filing of the second amended information as having the legal effect of vitiating the defendants' waiver of speedy trial so as to revive, eo instanti, the 180-day time limitation. However, defendants are entitled to a speedy trial and the court is required to evaluate the circumstances of the particular case in light of this guaranty in order to ascertain whether any unreasonable delay has arisen "from the negligence of the prosecution without fault or consent by the accused". State ex rel. Butler v. Cullen, supra. The order of discharge under review was not predicated upon any such determination but rather upon the proposition that the 180-day time limit was applicable.
Accordingly, the order of discharge is vacated and set aside and the cause remanded to the trial court for further consideration in light of the comments expressed herein.
Reversed and remanded.
OWEN, C.J., and CROSS, J., concur.