336 So.2d 464 (1976)
STATE of Florida, Appellant,
v.
Donna J. LUCK et al., Appellees.
No. 74-1102.
District Court of Appeal of Florida, Fourth District.
August 6, 1976.
*465 Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard Jorandby, Public Defender, and Richard Lubin, Asst. Public Defender, West Palm Beach, for appellee Luck.
John L. Avery, Jr., West Palm Beach, for appellee Walden.
Edward Fine of Campbell, Colbath & Kapner, West Palm Beach, for appellee Morley.
BOOHER, STEPHEN R., Associate Judge.
The State appeals an order entered pursuant to the "speedy trial" rule which discharged the defendants from the crimes charged in the information and all other crimes chargeable as a result of the same conduct or criminal episode. We reverse.
Time sequences are always important in cases interpreting Rule 3.191 of the Florida Rules of Criminal Procedure. They are particularly so in this case.
On November 7, 1973, defendants Walden and Morley were arrested by officers of the Orlando Police Department (Orange County), who stopped the automobile in which they were riding. Walden, the driver, was charged with and subsequently convicted of driving while intoxicated and of careless driving. Morley, the only passenger, was charged with and convicted of possession of a deadly weapon by a convicted felon. As an incident of the arrest of the two defendants and of the inventory of the vehicle, the stolen items which form the basis of the charges in question were recovered by the police.
On January 25, 1974, all three defendants were arrested by officers of the Riviera Beach Police Department (Palm Beach County) on an open charge of possession of stolen property, and thereafter, on February 4, 1974, the State filed an information charging that on November 6, 1973 (one day prior to the arrest on the moving violation) all three defendants received stolen property, to-wit: credit cards, in violation of Section 811.16, Florida Statutes (1973). The defendants claim that the information, as framed, charged only a misdemeanor, because of this Court's holding in Lore v. State, 267 So.2d 699 (Fla. 4th DCA 1972).
On April 17, 1974, a stipulation for continuance of the trial set for April 29, 1974, was filed to enable the taking of depositions of the State's witnesses. On April 22, 1974, defendants Luck and Walden signed form waivers of speedy trial, and defendant Morley signed a similar waiver on April 24, 1974.
On May 9, 1974, the State filed an amended information, which changed the description of the stolen property from credit cards to a driver's license, Social Security card and identification.
On August 13, 1974, the defendants filed their motion for discharge and dismissal under the "speedy trial" rule, and on August 16, 1974, the trial court entered the order herein appealed, granting the motion.
The defendants argued below and the trial court apparently agreed that the original information charged only a misdemeanor, and that the time for trial on that charge would have expired on April 25, 1974, prior to the filing of the amended *466 information, except for the stipulation for continuance and waivers of speedy trial. The trial court concluded that the amended information filed May 9, 1974, was a different charge, that its viability was unaffected by the continuance and waivers, and that prosecution thereon was barred.
This reasoning stands or falls on the initial premise that the original information charged only a misdemeanor. The defendants base their argument upon the language of the State Credit Card Crime Act of 1967, Sections 817.57-817.68, Florida Statutes, as construed by this Court's holding in Lore v. State, 267 So.2d 699 (Fla. 4th DCA 1972). That decision, however, was disapproved by the Supreme Court of Florida in the recent case of Fayerweather v. State, 332 So.2d 21 (Fla. 1976). There the Court, ruling on the precise question here presented, approved a felony conviction and five-year sentence for receiving a stolen credit card in violation of Section 811.16, Florida Statutes (1973), and rejected the contention that the maximum permissible sentence was the one-year misdemeanor penalty provided by Section 817.67(1) of the State Credit Card Crime Act.
We conclude, therefore, that the charge in the original information was a felony rather than a misdemeanor and that the 180-day time limit provided by Fla.R. Crim.P. 3.191(a)(1) applies. Accordingly, the time for trial did not expire until July 24, 1974, and the amended information had been filed before that date.
The defendants also argue that the speedy trial clock should start to run, at least as to defendants Walden and Morley, on the date of their original arrest, November 7, 1973. The record reflects, however, that they were arrested and charged with different offenses on that date and that they were not charged nor were "holds" placed against them for the offense here charged. Compare Hargrove v. State, 281 So.2d 390 (Fla. 2d DCA 1973). Further, they were arrested by officers of a different police department and charged in a different court. Finally, they are charged here with an offense on a different date in a different county. In any event, this argument does not benefit these two defendants unless we conclude that the original information charged only a misdemeanor, which we have not. When the felony time limit is applied, the 180-day period calculated from the date of the original arrest would not have expired until May 6, 1974, and by that date the stipulation for continuance and waivers of speedy trial had been filed.
This leaves for consideration the argument that the stipulation for continuance and speedy trial waivers applied only to the original information, and that when the amended information was filed it had the effect of vitiating the original information as though it had been formally dismissed by order of court. Wilcox v. State, 248 So.2d 692 (Fla. 4th DCA 1971). The defendants recognize that, after a defense motion for continuance is filed, the provisions of Fla.R. Crim.P. 3.191 are no longer applicable and that the trial court then has the right to set the case for trial within a reasonable time. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971). The same rule applies even if there has been an intervening nolle prosequi and refiling, which is somewhat analogous to what the defendants claim here. See Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975); Swanson v. Love, 290 So.2d 112 (Fla. 2d DCA 1974). They seek to avoid this result by arguing that the continuance and waivers should fall with the original information and the original 180-day time limit should be restored. Under this theory, the time limit would have expired on July 24, 1974, and since the case had not been brought to trial by that date, the order of discharge and dismissal would have been proper.
The Court considered and rejected this same argument in State v. Stanzione, 315 So.2d 500 (Fla. 4th DCA 1975). There we specifically held that the amendment of an information after defendants had expressly waived speedy trial and had requested and been granted a continuance did not vitiate the waiver or revive the 180-day *467 time limitation. In fairness to the trial court and counsel we point out that they did not have the benefit of either the Stanzione or Fayerweather decisions when this case was argued and decided in the trial court.
We do not pretermit consideration by the trial court on remand of the question of whether the defendants have been granted a speedy trial in the light of all the circumstances, or whether there has been any unreasonable delay arising from the negligence of the prosecution, without fault or consent of the defendants, which would violate their right to a speedy trial. State ex rel. Butler v. Cullen, 253 So.2d 861, 863 (Fla. 1971); State v. Stanzione, 315 So.2d 500, 503 (Fla. 4th DCA 1975).
Accordingly, the order of discharge is vacated and set aside and the cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
MAGER, C.J., and WALDEN, J., concur.