358 So.2d 1176 (1978)
Steven Joseph HOMER, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1561.
District Court of Appeal of Florida, Third District.
May 23, 1978.
*1177 Robert S. Appleton, Marathon, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and HENDRY and NATHAN, JJ.
HAVERFIELD, Chief Judge.
Defendant, Steven Joseph Homer, seeks reversal of an order withholding adjudication of guilt upon a jury verdict of guilty of vehicular homicide [Section 782.071, Florida Statutes (1976)], placing him on 7 years probation and fining him $5,000.
Homer first urges as reversible error the court's denial of his motion to discharge for failure to afford him a speedy trial pursuant to Fla.R.Crim.P. 3.191. The facts relevant to this issue are as follows:
On the night of July 4, 1976, the vehicle operated by Homer struck a pedestrian who was standing near the middle of the highway and threw her across the road. She was then run over by a second vehicle which approached simultaneously in the opposite direction and was declared dead on the scene. Homer was initially charged with driving under the influence of alcoholic beverages [Section 316.028, Florida Statutes (1975)] and trial was set on this charge for September 14. However, Homer's attorney requested a continuance until September 17 and a notice resetting the trial on that date was sent out by the court. The trial date was again continued to October 15. On September 27 the state filed an information charging Homer with vehicular homicide and on October 8 entered a nolle prosequi as to the driving under the influence charge. Trial on the vehicular homicide was set for February 7, 1977 and on January 31 Homer filed his motion for discharge on the ground that 180 days had already elapsed since he had been taken into custody as a result of the incident upon which the vehicular homicide charge was based and, therefore, he had been denied his right to a speedy trial under Fla.R.Crim.P. 3.191. The motion was denied and a jury trial ensued at the conclusion of which the jury found Homer guilty of vehicular homicide.
Where a continuance has been granted, the time limitations under Fla.R. Crim.P. 3.191 (the speedy trial rule) are no longer applicable and the court then has the right and authority to set the case for trial within a reasonable time. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); Rosenwasser v. Smith, 308 So.2d 600 (Fla.3d DCA 1975). When Homer requested and was granted a continuance, the time limitations under the speedy trial rule were waived. We further note that the filing of the new information for vehicular homicide, *1178 subsequent to the continuance granted to Homer on the initial driving under the influence charge, did not vitiate his waiver or revive the 180 day limitation inasmuch as the charges in both informations were based upon the same conduct or criminal episode. See Clark v. State, 318 So.2d 513 (Fla.4th DCA 1975); State v. Luck, 336 So.2d 464 (Fla. 4th DCA 1976). Last, when a continuance is granted, a rule of reasonableness is applicable and the court is vested with discretion in determining whether or not a delay in a particular case has prejudiced a defendant or subjected him to undue pretrial oppression and anxiety. King v. State, 303 So.2d 389 (Fla.3d DCA 1974). Homer has not argued that the trial court abused its discretion in setting the case for trial on February 7, 1977, that his case was prejudiced as a result, or he was subject to undue pretrial oppression and anxiety.
Homer next argues that the trial court erred in permitting the state to introduce photographs at the trial which were not made available to him for inspection in response to his motion for discovery. We cannot agree.
Pursuant to Homer's requests for discovery, the state responded that certain evidence, including the accident report, was at the state attorney's office or the Florida Highway Patrol station in Marathon. Homer's counsel was shown a copy of the accident report which referred to 55 photographs which at the time had been forwarded to Tallahassee. Although counsel was thereby made aware of the existence of the photographs, he never moved to compel their production prior to trial. In addition, prior to their introduction, the trial court permitted Homer's counsel to view the photographs and to speak with the witness who took them. See Richardson v. State, 246 So.2d 771 (Fla. 1971); Spradley v. State, 293 So.2d 697 (Fla. 1974).
Homer also contends that the trial court erred in denying his motion for judgment of acquittal.
There being sufficient evidence as to Homer's drinking on the night of the accident and his vehicle's mechanical defects, the court correctly denied his motion for acquittal. See Garmise v. State, 311 So.2d 747 (Fla.3d DCA 1975).
We also examined Homer's remaining points and conclude no reversible error has been made to appear.
Affirmed.