RYDER, Judge.
Petitioner seeks review of an order of the circuit court, sitting in its appellate capaci *702 ty, which affirmed two orders of the county court denying petitioner’s motions to suppress evidence and for discharge. We have reviewed the circuit court’s order, and we find that it complies with the essential requirements of the law.
Petitioner filed his motion to suppress in this case after the State had charged him with eight counts of possession of obscene material. The incident which led to petitioner’s arrest on these charges occurred as follows: Pinellas County Judge Jerry R. Parker, accompanied by law enforcement officials, went to the adult bookstore where petitioner worked and there viewed eight photographs which were arranged in a display to advertise movies shown in the bookstore. Judge Parker made a preliminary finding of obscenity as to each of the photographs and communicated his findings to the officers. They, in turn, seized the eight photographs and arrested petitioner.
Petitioner argues here as he argued in the courts below that the seizure of the photographs was illegal because Judge Parker never issued a search warrant authorizing the seizure. In support of his contention, he cites Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973).
It is true that Roaden holds that a search warrant is a necessary prerequisite to the seizure of allegedly obscene materials. However, we do not believe that Roa-den requires a reversal in the present case because we think that the procedure employed by Judge Parker was an adequate substitute for a search warrant. The purpose of requiring a search warrant is to ensure that a magistrate has carefully considered the question of obscenity and determined exactly what is to be seized. See Roaden v. Kentucky, supra, 413 U.S. at 503, 504, 93 S.Ct. at 2801, 37 L.Ed.2d at 764, 765. Here, Judge Parker viewed each picture that was to be seized, determined that each was obscene, and then told the officers who were with him exactly what they should seize. Thus, to say that in this case the seizure was invalid because of the absence of a written warrant would mean a reversal of petitioner’s conviction on the basis of a mere technicality.
What we have said should, of course, not be taken to mean that the presence of a magistrate when obscene materials are seized will always insulate the seizure from attack. In this connection, we note that Judge Parker was legally in the bookstore since it was open to the public and that the pictures he examined were in plain view. We also note that petitioner has made no attack on Judge Parker’s position as a neutral and detached magistrate. Any variance in these factors could have altered the outcome of this case. See generally Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973).
Petitioner’s other point, which raises a speedy trial question, is also without merit. State v. Luck, 336 So.2d 464 (Fla. 2d DCA 1976). Accordingly, we deny the petition for a writ of certiorari.
HOBSON, Acting C. J., and OTT, J., concur.