368 So.2d 54 (1979)
STATE of Florida, Appellant,
v.
Tracey BOYD and John D. Boyd, Appellees.
No. 78-174.
District Court of Appeal of Florida, Second District.
January 31, 1979.
Rehearing Denied March 1, 1979.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
*55 Thomas G. Murray, of Moran & Gold, P.A., Miami, for appellees.
RYDER, Judge.
The State appeals an order discharging appellees under the speedy trial rule. Having reviewed the briefs and the record, we find that its argument has merit.
As always in speedy trial cases, time is important and both parties have presented many dates for our consideration. Fortunately, only four of them are necessary to our decision. On January 31, 1977, law enforcement officials arrested both appellees on charges stemming from the importation of marijuana. Four days later, the State filed an information charging appellee John Boyd with bringing a controlled substance into Florida, possession of cannabis over five grams, and possession of cannabis with intent to deliver. The State filed a similar information against Tracey Boyd charging him with the same crimes with which it charged his brother and with conspiracy to bring a controlled substance into Florida.
Sometime later, after both sides had conducted extensive discovery, the State moved to consolidate the cases of appellees and those of two other defendants. In response, appellees moved for a continuance and the court held hearings on both motions. In the continuance hearing on October 27, 1977, the following exchange took place:
THE COURT: All right. You have already waived speedy trial according to your motion.
MR. MORAN [defense counsel]: Yes, sir, we have.
THE COURT: On behalf of both of the Boyds?
MR. MORAN: Oh, yes. There's never been an issue in that regard?
The court granted the continuance motion and stated in its written order that counsel for appellees had waived the speedy trial periods.
On October 31, 1977, the court heard the motion to consolidate but reserved its ruling. As a result of this, on November 10, 1977, the State filed a new information and in that one instrument charged appellees and two other men with the three offenses which were common to the separate informations earlier filed against appellees.
Finally, on January 4, 1978, appellees presented a motion for discharge from prosecution under the November 10, 1977 information. The court granted the motion and the present appeal followed.
In order to reach a decision in this case, we need only set forth two principles of law. The first is that counsel for a defendant may effectively waive the defendant's rights under the speedy trial rule, Fla.R.Crim.P. 3.191. State ex rel. Gutierrez v. Baker, 276 So.2d 470 (Fla. 1973). The second principle is that where the State files a second information against a defendant which charges the same crime as did the first information and is also based upon the same criminal conduct as the first, any waiver of speedy trial which the defendant made under the first information applies to the second information as well. See Homer v. State, 358 So.2d 1176 (Fla. 3d DCA 1978); State v. Luck, 336 So.2d 464 (Fla. 4th DCA 1976).
Applying these principles to the facts of this case, it becomes clear that the trial court should have denied the motion for discharge. By his statement made at the October 27, 1977 hearing, appellees' counsel clearly waived the application of the speedy trial rule to the State's case. Moreover, that waiver applied to the information filed on November 10, 1977 since it charged appellees with the same criminal conduct as did the original two informations.
Accordingly, we REVERSE the order of discharge and REMAND this case for further proceedings.
GRIMES, C.J., and HOBSON, J., concur.