ROBERT P. SMITH, Jr., Acting Chief Judge,
dissenting.
Under our system a person criminally accused is not tried and subject to conviction for all possible offenses arising out of the same occurrence. He is tried, instead, on particular charges as stated in an indictment or information. Therefore I construe the words “to be tried again,” in Fla.R. Crim.P. 3.191(g), as referring to a retrial of the same charges on which the accused was previously tried, or to lesser and included charges, or charges of attempt to commit those offenses. Following a mistrial on a misdemeanor marijuana possession charge, I do not conceive that the state can increase the charge to felony possession, either by amending the old information or by abandoning the old and filing a new information, and claim entitlement to the 90-day trial period which Rule 3.191(g) allows, following a mistrial or order for new trial, when an accused is “to be tried again.”
Homer v. State, 358 So.2d 1176 (Fla.3d DCA 1978), relied on by the majority opinion, does not support the majority’s conclusion. In Homer there was no trial and retrial to which Rule 3.191(g) might apply. The court simply held that the accused’s motion for continuance, filed and granted before the original information was nolle prossed and a new one filed, waived the rule’s speedy trial period for the new as well as the old information.
Whether by holding or dictum, Causey v. State, 307 So.2d 197 (Fla.2d DCA 1975), does support the majority’s view. To that extent I disagree with Causey.
In my opinion the amendment of the information in this case, increasing the marijuana possession charge to a felony, was tantamount to abandoning the old charge by nolle prosequi and substituting a new charge on which the accused could not lawfully have been convicted' under the first. See Wilcox v. State, 248 So.2d 692, 694 (Fla.4th DCA 1971). On the new charge the accused could not be “tried again,” for on that charge he had never been tried.
Rule 3.191(g) prescribes a 90-day period for retrial, rather than a full 180 days, in part because it is assumed that preparation will be less taxing when the accused “is to be tried again” on the same charge than when he is initially confronted with a new charge yet untried. When following a mistrial by hung jury on one charge the state elects to abandon that charge and pursue another new one, here a more serious one, Rule 3.191(g) does not, in my view, excuse the state from compliance with the 180-day speedy trial limitation which dates from the accused’s initial detention. I agree with the trial court that the period for speedy trial ran on the amended information. I agree also that, after the amended information had been dismissed for failure of the state to try the accused within 180 days, it was too late for the state to seek reinstatement of the misdemeanor charge, which was lesser and included in the dismissed felony charge. Fla.R.Crim.P. 3.191(h)(1).
I would affirm.