382 So.2d 787 (1980)
STATE of Florida, Appellant,
v.
Louis E. CORLEW, Appellee.
No. 79-736.
District Court of Appeal of Florida, Second District.
April 9, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Davis G. Anderson, Jr., and Robert Foster, Jr., Tampa, for appellee.
SCHEB, Judge.
Does a defendant's waiver of his rights to speedy trial under Florida Rule of Criminal Procedure 3.191 still apply after the state files an amended information charging a crime arising out of the same criminal episode which formed the basis of the first information? Under the circumstances of this case, we hold it does.
After Louis E. Corlew was arrested on January 4, 1978, the state filed an information charging him with unlawful possession of more than one hundred pounds of cannabis in violation of Section 893.13(1)(e), Florida Statutes (1977). Since the information charged a felony, the 180-day period for speedy trial under Rule 3.191(a)(1) applied. The court set trial for April 17. On that date Corlew requested and was granted a continuance; hence, the 180-day requirement of the speedy trial rule was no longer applicable. State v. Cullen, 253 So.2d 861 (Fla. 1971).
On September 1, 1978, the First District Court of Appeal held that possession of more than one hundred pounds of cannabis is a second degree felony only where the cannabis is possessed with intent to sell.[1]Aylin v. State, 362 So.2d 435 (Fla. 1st DCA 1978). Thereafter, on November 9, the state amended its information to allege that Corlew possessed the contraband "with intent to deliver or sell."
On March 2, 1979, at the state's request the court set Corlew's trial for April 16. On that date Corlew moved to dismiss the charge on the ground that the state filed its amended information more than 180 days after the commencement of the speedy trial period. The trial court granted the motion stating that by its amended *788 information, the state had charged Corlew with a new offense more than 180 days after his arrest. We think the trial court erred; we reverse.
The state contends that Corlew's waiver of his right to be tried within 180 days was effective as to the state's amended information since the amended information was based on the same conduct or criminal episode as the original information. Homer v. State, 358 So.2d 1176 (Fla. 3d DCA 1978); State v. Luck, 336 So.2d 464 (Fla. 4th DCA 1976). Corlew, however, seeks to sustain the trial court's ruling on the basis of State v. Boyd, 368 So.2d 54 (Fla. 2d DCA 1979). He asserts that Boyd stands for the proposition that a speedy trial waiver does not apply to an amended information charging a more serious crime than the original information. We disagree.
Although Boyd involved a second information which charged the same crime as the original information, the basis for this court's decision was that the charge in both informations arose out of the same criminal conduct. Id. at 55. Moreover, in Boyd this court cited Homer which held that a waiver under an information charging a defendant with driving while intoxicated applied to a second information charging vehicular homicide. Since the second information in Homer charged a more serious crime than the original information and Boyd relies on Homer, Boyd does not support Corlew's position.
Finally, the state's amendment was understandable in view of Aylin. The state acted promptly and Corlew did not show that the amendment had prejudiced him in preparing his defense. In fact, the court granted Corlew two continuances following the amendment.
Accordingly, we reverse the order dismissing the amended information and remand to the trial court for further proceedings consistent with this opinion.
GRIMES, C.J., and HOBSON, J., concur.
NOTES
[1] This court aligned itself with the First District Court of Appeal in Reinersman v. State, 382 So.2d 325 (Fla. 2d DCA 1979).