ANSTEAD, Judge.
At issue is whether a defendant’s waiver of speedy trial rights in an initial prosecution for robbery applies to the prosecution *556 of a second information charging the defendant as an accessory after the fact to the same robbery that formed the basis of the initial prosecution. We hold that the waiver does apply to the second information and reverse the trial court’s order of discharge.
The positions of the parties are virtually identical to those involved in State v. Corlew, 382 So.2d 787 (Fla.2d DCA 1980). Because we agree completely with the views expressed by Judge Scheb in that opinion we quote with approval his analysis of the parties’ positions and the controlling authorities:
The state contends that Corlew’s waiver of his right to be tried within 180 days was effective as to the state’s amended information since the amended information was based on the same conduct or criminal episode as the original information. Homer v. State, 358 So.2d 1176 (Fla.3d DCA 1978); State v. Luck, 336 So.2d 464 (Fla.4th DCA 1976). Corlew, however, seeks to sustain the trial court’s ruling on the basis of State v. Boyd, 368 So.2d 54 (Fla.2d DCA 1979). He asserts that Boyd stands for the proposition that a speedy trial waiver does not apply to an amended information charging a more serious crime than the original information. We disagree.
Although Boyd involved a second information which charged the same crime as the original information, the basis for this court’s decision was that the charge in both informations arose out of the same criminal conduct. Id. at 55. Moreover, in Boyd this court cited Homer which held that a waiver under an information charging a defendant with driving while intoxicated applied to a second information charging vehicular homicide. Since the second information in Homer charged a more serious crime than the original information and Boyd relies on Homer, Boyd does not support Corlew’s position.
Similarly here, the trial court granted the motion for discharge on the grounds that the second information did not charge the same exact crime as was charged in the first information. The second information, instead of charging the defendant with direct participation in the robbery, alleged that he was an accessory after the fact. We believe that charge was based upon the same criminal conduct or episode as alleged in the first information and that the waiver of speedy trial filed as to the first information applied to the second information. State v. Luck, 336 So.2d 464 (Fla.4th DCA 1976); Clark v. State, 318 So.2d 513 (Fla.4th DCA 1975).
Accordingly, the order of discharge is hereby reversed with directions for further proceedings consistent herewith.
DOWNEY and HERSEY, JJ., concur.