383 So.2d 1156 (1980)
Udell Shirley STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. OO-288/T1-123.
District Court of Appeal of Florida, Fifth District.
May 28, 1980.
Thomas S. Keith, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
As the result of a police investigation into the sale of stolen property, a police investigator *1157 saw the appellant in possession of a .38 revolver that the investigator thought was made by Smith & Wesson. The investigator signed an affidavit in support of a search warrant that included a .38 Smith & Wesson revolver in the list of items sought to be seized. The search warrant reflected the items to be seized in the manner that they were listed in the affidavit.
As a result of the search and seizure, the appellant was arrested and charged by an Information with possession of a firearm by a convicted felon in violation of Section 790.23, Florida Statutes (1977), in that he had a .38 Smith & Wesson revolver on September 1, 1978. Appellant requested a continuance and waived his right to a speedy trial pursuant to Florida Rule of Criminal Procedure 3.191.
The case came up for trial. After the jury was sworn in, the state moved to amend the information to reflect that the revolver involved was actually a .38 Dan Wesson. The trial court denied the motion. But see Lackos v. State, 326 So.2d 220 (Fla. 2d DCA 1976); Holland v. State, 359 So.2d 28 (Fla. 3d DCA 1978), cert. den., 367 So.2d 1124 (Fla. 1979); Richardson v. State, 251 So.2d 570 (Fla. 4th DCA 1971). The state subsequently nolle prossed that charge.
Appellant was then charged by a second Information with possession of a firearm by a convicted felon in violation of Section 790.23, Florida Statutes (1977), in that he had a .38 Dan Wesson revolver on September 25, 1978. Appellant filed a motion to suppress the evidence, a motion for discharge, and a motion to dismiss. The trial court denied all three motions. Appellant pled nollo contendere, specifically reserving his right to appeal the trial court's rulings on those motions. The trial court adjudicated appellant guilty as charged in the second information.
Appellant's motion to suppress was based on the fact that the search warrant listed the .38 Dan Wesson revolver as a .38 Smith & Wesson revolver. However, a technical error in a description is not automatically fatal to the validity of a search warrant. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); United States v. Rytman, 475 F.2d 192 (5th Cir.1973).
Appellant's motion for discharge alleged a violation of Florida's speedy trial rule. Appellant argues that the speedy trial time on the charge contained in the second information was started by his arrest on the charge contained in the first information. However, either the two charges arose from the same criminal conduct or episode or else they did not. If they did, then appellant's waiver of speedy trial for the first charge was also a waiver for the second charge. State v. Boyd, 368 So.2d 54 (Fla. 2d DCA 1979); Homer v. State, 358 So.2d 1176 (Fla. 3d DCA 1978); State v. Luck, 336 So.2d 464 (Fla. 4th DCA 1976). If they did not, then the arrest of the appellant on the first charge did not constitute his arrest on the second charge. Either way, there was no violation of the speedy trial rule.
Appellant's motion to dismiss alleged a double jeopardy violation in that the second charge was really for the same offense as the first charge. Since appellant previously argued against allowing the state to amend its information to change Smith & Wesson to Dan Wesson, he is now estopped from arguing that such a change was immaterial. State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. den., 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975).
Accordingly, we AFFIRM.
DAUKSCH, C.J., and SHARP, J., concur.