386 So.2d 283 (1980)
STATE of Florida, Appellant,
v.
Robert Anthony DeSIMONE, Jr., Appellee.
No. 79-311.
District Court of Appeal of Florida, Fourth District.
July 9, 1980.
Rehearing Denied August 20, 1980.
Michael J. Satz, State's Atty. and Patti Englander, Asst. State's Atty., Fort Lauderdale, for appellant.
Edward M. Kay, of Kay, Roderman & Silber, P.A., Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
The State appeals an order of discharge. We reverse.
*284 The trial court, in entering its order, made findings of fact which included inter alia:
1. The Defendant is before the Court having been informed against for the felony offense of Possession of a Firearm by a Convicted Felon, Case No. 77-5462 CF.
2. The Defendant was arrested June 29, 1977 on a series of charges, including the instant offense, as a result of a single criminal episode.
3. On July 20, 1977, the Defendant was informed against in Case No. 77-4007 CF on other charges arising from the June 29, 1977 criminal conduct or episode, to-wit: Delivery of Cocaine, Conspiracy to Deliver Cocaine, and Possession of a Firearm During the Commission of a Felony.
4. On September 20, 1977, the Defendant was granted a Defense Continuance on Case No. 77-4007 CF.
5. On September 30, 1977, the instant charge was filed as Count II of Case No. 77-5462 CF (Count I being Attempted Murder), and assigned to this division.
6. On October 17, 1977, Case No. 77-5462 CF was consolidated with Case No. 77-4007 CF in front of Judge Burnstein on the State's Motion and by stipulation of the Defendant.
7. On November 28, 1977, a Court Continuance was ordered on the now consolidated Case Nos. 77-5462 CF and 77-4007 CF.
8. On or about December 26, 1977, the 180 day period from June 29, 1977 elapsed.
It then concluded that the defense continuance of September 20, 1977, did not apply to Case No. 77-5462 CF, that the 180-day requirement of Florida Rule of Criminal Procedure 3.191(a)(1) was not met because the defendant had not been brought to trial by December 26, 1977, and that the defendant was entitled to discharge. We reverse.
We are aware that Florida Rule of Criminal Procedure 3.191(a)(1) requires that one charged with a felony be brought to trial within 180 days of being taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. However, when appellee moved for a continuance and it was granted on September 20, 1977, he waived his right to speedy trial within 180 days of being taken into custody. As a result, trial need only commence within a reasonable time. State, ex rel., Butler v. Cullen, 253 So.2d 861 (Fla. 1971).
Appellee argues that the continuance of September 20, 1977, had no effect on the time limitation because the new information was a new case with a different file number before a different judge than the case in which the continuance was granted. He contends that a Pandora's box of speedy trial problems and prosecutorial abuses will result from permitting a continuance in one case to affect the time limitations in another, separate case although both arise out of the same criminal episode. Appellee, of course, paints with a broad brush.
While there is no decision directly on point, a number of cases have established a limited principle that a continuance which results in a waiver of the time limitations under the speedy trial rule is not vitiated by the filing of new or amended charges under certain circumstances. In Godoy v. State, (Fla. 4th DCA Case No. 79-1312, Opinion filed May 7, 1980), we held that defendant's waiver of speedy trial on a first information applied to a second information for a different crime based upon the same criminal episode. In Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975), the defendant, charged with petit and grand larceny, sought a continuance and waived his right to be tried within the time periods set forth in the rule. The State entered a nolle prosequi on the charges and on the same day filed a new information with a new case number, charging defendant with embezzlement. We held that the new charges arose out of the same conduct or criminal episode as the original charges, and that his waiver applied to the new indictment. In State v. Stanzione, 315 So.2d 500 (Fla. 4th DCA 1975), we held the defendant's *285 waiver of the time limitation applied to a second amended information arising out of the same conduct as the original charge but remanded the cause to determine whether any unreasonable delay arose from the prosecution's negligence without the accused's consent or fault. In State v. Luck, 336 So.2d 464 (Fla. 4th DCA 1976), we similarly applied a waiver of the rule's limitations of time to an amended information arising out of the same criminal episode. See also, Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980); State v. Corlew, 382 So.2d 787 (Fla. 2d DCA 1980); Homer v. State, 358 So.2d 1176 (Fla. 3d DCA 1978), cert. denied, 364 So.2d 886 (Fla. 1978).
We view the filing of the information in a separate case, per se, insufficient to vitiate the waiver of the rule's time limitation in the earlier case when both cases arose out of the same criminal episode. Instead, each case must be examined separately to cull out any facts which could be said to prejudice an accused. We find none sub judice. Seventeen days after the new information was filed as a separate case, the two cases were consolidated. Accordingly, we reverse.
REVERSED and REMANDED.
MOORE and HERSEY, JJ., concur.