413 So.2d 1240 (1982)
Steven T. ADDISON, et al., Petitioners,
v.
Honorable Cecil BROWN, Etc., Respondent.
No. 82-314.
District Court of Appeal of Florida, Fifth District.
April 28, 1982.
Rehearing Denied May 19, 1982.
Richard G. Lubin of Lubin & Hamill, P.A., West Palm Beach, for petitioners Addison, Caso and Kilgus.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for respondent.
FRANK D. UPCHURCH, Jr., Judge.

ON WRIT OF PROHIBITION
Petitioners, Addison, Caso and Kilgus, were scheduled for trial on Monday, March 8, 1982, on a charge of trafficking in marijuana. By petition filed with this court late Friday afternoon, March 5, 1982, petitioners sought a writ to prohibit the trial, alleging a violation of the speedy trial rule, Florida Rule of Criminal Procedure 3.191. While considering the inconvenience to the trial court, the state attorney's office, witnesses and jury veniremen who had been summoned to appear, as well as the costs which were involved if the trial were postponed, this court concluded that because the allegations,[1] if true, mandated issuance of the writ, a response from the State was necessary. The order requiring a response acted as a stay and therefore the trial was postponed. Fla.R.App.P. 9.100(f).
Upon receipt of the State's response and documents relevant to the cause, we determined that critical information was omitted which counsel for petitioners knew, or should have known, would affect this court's decision to order a response. The omitted information was the fact that petitioners had obtained three or more continuances *1241 and had specifically waived speedy trial under the rule.
To circumvent those waivers, petitioners contended that the filing of an amended information by the State rendered the first one a "nullity" therefore bringing about a "speedy trial" violation because the amended information was filed more than one hundred eighty days after the arrest. There is abundant authority to establish that this argument is frivolous. See Conner v. State, 398 So.2d 983 (Fla. 1st DCA 1981); State v. Corlew, 382 So.2d 787 (Fla. 2d DCA 1980); State v. Boyd, 368 So.2d 54 (Fla. 2d DCA) appeal dismissed 372 So.2d 466 (Fla. 1979); Homer v. State, 358 So.2d 1176 (Fla. 3d DCA), cert. denied, 364 So.2d 886 (Fla. 1978). Therefore, the petition was denied for want of legal or factual merit.
Of more concern to this court than the outcome of this petition, was the part played by Lubin, counsel for petitioners. While an attorney always carries a duty and obligation of candor with the court, Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA 1980); Newberger v. Newberger, 311 So.2d 176 (Fla. 4th DCA 1975), this is especially important when the relief requested is urgently sought and the time insufficient to allow the opposition to present a response. What is a minor factual omission when there is time for a response becomes a major omission when ordering a response will result in a postponement of the trial. Therefore, where a last minute petition is filed it is mandatory that counsel not only act in good faith, but that the petition and the attached appendix accurately and completely reflect all factual matters which may affect this court's decision.
In the case before us, we directed Lubin to appear before this court to show cause why he should not be held in contempt. After consideration of his testimony and review of the material presented to us, we have concluded that while Lubin has breached his duty of candor to the court, there was no deliberate effort to conceal relevant facts and therefore no contempt.
We do, however, conclude that the lack of care and candor of Lubin and his staff in preparation of a petition having no legal or factual merit warrants the imposition of sanctions pursuant to Florida Rule of Appellate Procedure 9.410. We hereby remand this matter to the Honorable Cecil Brown to assess against Richard G. Lubin, attorney for petitioner, sanctions consisting of a reasonble fee for the services of the assistant attorney general in preparing his response to the petition, plus all costs incurred by the state in summoning and paying witnesses and veniremen for the trial scheduled for March 8, 1982, if those witnesses or veniremen were not otherwise utilized.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] Petitioners alleged that because of time limitations, no copy of the lower court's order was available. In addition, no transcript of the hearing below was included in the appendix.