BERANEK, Judge.
The defendant appeals his conviction and sentence for dealing in stolen property and conspiracy to deal in the same stolen property. We reverse and remand.
The defendant was charged in two separate informations for the above two crimes arising from a single criminal episode. For some unknown reason, the State chose to prosecute the defendant for each crime separately, and defendant chose not to object. In the case charging defendant with dealing in stolen property, a defense continuance was taken. However, the speedy trial deadline ran in the conspiracy case. The defendant’s motion for discharge was denied due to the continuance in the other case.
Reviewing the matter on a case-by-case basis, we find the rationale of State v. DeSimone, 386 So.2d 283 (Fla. 4th DCA 1980), inapposite. Here, the defendant was not brought to trial within the speedy trial deadline and should have been discharged on the conspiracy charge. The State chose its prosecutorial route and is bound by it. Although the two prosecutions might well have been, consolidated, they were filed in different divisions before different judges and with different prosecutors. Each case was prepared separately and discovery proceeded independently. At all times, the defendant made known his reliance on the speedy trial deadline in the conspiracy case and the State even agreed to speed up discovery in that case to meet the speedy trial deadline. Unlike State v. DeSimone, supra, the instant ease presents strong elements of estoppel against the State. Further, in DeSimone the two informa-tions were consolidated prior to the running of the speedy trial deadline.
*900 Our review of the record convinces us that the appellant was prejudiced and the court thus erred in denying discharge as to the conspiracy count. We also find error in the trial of the matter as to the admission of certain coconspirator statements against defendant. This evidence prejudiced defendant in the dealing in stolen property prosecution so we must also reverse that conviction.
REVERSED WITH DIRECTIONS TO DISCHARGE ON THE CONSPIRACY CHARGE AND POR A NEW TRIAL ON THE DEALING IN STOLEN PROPERTY CHARGE.
DELL and HERSEY, JJ., concur.