CAMPBELL, Chief Judge.
In this appeal, we are asked to decide the validity of a search warrant that contains, in the description section of the warrant, a very particular and lengthy description of the apartment to be searched, but also contains, in the command and probable cause sections of the warrant, three references to the place to be searched as a “vehicle.” For the following reasons, we conclude that under the limited circumstances of this case, the warrant was valid, and that the accompanying search and discovery of cocaine was properly not suppressed at trial.
On December 11, 1987, Detective Rodney Feazell of the Cape Coral Police Department obtained a search warrant to search an apartment believed to contain cocaine. As he was executing the warrant, reading it to appellant, he noted that, due to a word processing error, the warrant referred, at three other locations, to the place to be searched as a “vehicle,” and not as “premises.” At two of these locations, Detective Feazell crossed through the word “Vehicle,” wrote “premises” above it and initialed the change. During the search, the detective discovered cocaine and drug paraphernalia on the premises. Appellant was charged with one count of possession of cocaine and one count of possession of drug paraphernalia.
Appellant filed a motion to suppress the evidence that was seized on the ground that the warrant was invalid. He argued that, due to the mistaken references to “vehicle,” it did not sufficiently describe the place to be searched. The trial court denied appellant’s motion, and appellant pled nolo contendere, specifically reserving his right to appeal the denial of his motion to suppress.
The test to be applied in determining the validity of a search warrant is whether, when a search warrant is read in a common sense, not technical, way, it shows ample facts to establish probable cause and enables the searcher, with reasonable effort, to identify the place to be searched. The test is one of practical accuracy, not technical nicety. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980); Dethlefsen v. State, 363 So.2d 401 (Fla. 4th DCA 1978). The description must be sufficient to point out the place to be searched to the exclu *948 sion of all others, and on inquiry, lead officers unerringly to it. Shedd v. State, 358 So.2d 1117 (Fla. 1st DCA 1978).
We have been able to locate only one case in which the court distinguished between the description portion of the warrant and other portions of the warrant. The third district in Pezzella v. State, 390 So.2d 97 (Fla. 3d DCA 1980) held that, although the description portion of the warrant was quite specific, because the command portion was overbroad, the warrant was insufficient. However, Pezzella was specifically disapproved by the Florida Supreme Court in Carlton v. State, 449 So.2d 250 (Fla.1984). The Carlton court noted that while the petitioner there cited numerous cases as authority for the proposition that a warrant’s command must conform to its" probable cause foundation, none of those cases actually mandated such a requirement. Carlton, 449 So.2d at 251. Section 933.05, Florida Statutes (1981), only requires that the place or thing to be searched be described with particularity. The pertinent portion of that section has not changed since 1981.
In the instant case, the descriptive portion of the warrant described the place to be searched as follows:
[A] single story, multi-family unit of CBS construction, painted beige in color, having brown trim and bearing a brown asphalt shingle roof, located at 608 SE 46th Street, Cape Coral, Lee County, Florida. Said structure is located on the southside of SE 46th Street and faces north. Said structure is the third structure east of the intersection of SE 6th Avenue and SE 46th Street, but is actually the second complex east of said intersection. Located in front of the structure is a driveway/parking area which is common to both apartments. Said structure is commonly called a duplex and consists of an east and west apartment. There are two mailboxes, at the curb, east and west of the entrance of the driveway/parking area. Both the east and west apartments are individually numbered; i.e., 6-1-0 and 6-0-8. Located east of said driveway/parking area is a “Klohn Realty for sale sign.” The apartment to be searched is the west apartment and is 608 SE 46th Street. Said apartment has a brown wood and glass front door that faces west. Affixed to the structure is a plaque bearing the numerals 6-0-8, the following grounds for issuance of a Search Warrant, as required by Florida State Statutes, Chapter 933 exists, to wit: the law relating to narcotic or drug abuse is currently being violated thereon, and that the law of the State of Florida has been and/or is currently being violated, to wit: Possession of a Cocaine with Intent to Distribute and the following property or evidence maybe found therein: quantities of cocaine.
The errors describing the place to be searched as a vehicle, rather than an apartment, would not reasonably mislead an officer searching for the apartment. The descriptive portion of the warrant uses the terms “apartment,” “structure,” “duplex,” “complex,” or “unit” a total of fourteen times. There is no question that a structure, not a vehicle, is to be searched. When read in a common sense, not a technical, way, the warrant was sufficient to lead an officer unerringly to the place to be searched.
This case is more akin to Stevens, 383 So.2d at 1156, than it is to State v. Ross, 471 So.2d 196 (Fla. 4th DCA 1985). In Ross, the portion of the warrant actually describing the premises to be searched was omitted. In Stevens, a gun was misdes-cribed as a “Smith & Wesson,” when it was actually a “Dan Wesson.” Here, the critical description has not been omitted but, to the contrary, the premises to be searched are very clearly described. In view of the great specificity of the descriptive portion of the warrant here, an officer would not be misled into believing that he was authorized to search the appellant’s vehicle. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, reh'g. denied, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984).
While we do not condone the practice of allowing the executing officer to make *949 changes in the face of a search warrant when it would materially alter the probable cause, under the limited circumstances before us, probable cause was not altered and no denial of due process occurred.
Thus, because a common sense reading of the warrant would not mislead an officer in the search, and to read it otherwise would be hypertechnieal in view of the great specificity of the warrant, we hold that the warrant was sufficient and that the trial court did not err when it denied appellant’s motion to suppress.
Affirmed.
SCHEB and THREADGILL, JJ., concur.