617 So.2d 414 (1993)
STATE of Florida, Appellant,
v.
George W. KINGSTON, III, Appellee.
No. 92-00377.
District Court of Appeal of Florida, Second District.
April 21, 1993.
*415 Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Cecilia A. Traina, Asst. Public Defender, Bartow, for appellee.
CAMPBELL, Acting Chief Judge.
The state challenges the order granting appellee's motion to suppress items seized from appellee's residence pursuant to a search warrant. The question is whether the search warrant sufficiently described the place to be searched or, if not, whether the affidavit cured any deficiency. Although the trial court found the search warrant fatally defective, we are not similarly convinced. Moreover, we believe that even if the warrant did not sufficiently describe the place to be searched, the United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) good faith exception to the exclusionary rule applies. Massachusetts v. Sheppard, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984).
The problem arose here because the fifth and final version of the search warrant did not describe the place to be searched at all. Rather, in the place for a description in the warrant, the judge drew a diagonal line across the page, orally "indicating that he did not want any blank spaces there." According to Detective Marquiss, after drawing the line, the judge "looked at it, he understand stood [sic], [and] he signed the affidavit." Although the affidavit does particularly describe the place to be searched, the description section of the warrant does not incorporate the affidavit by reference. It does, however, refer to the affidavit in all three of its "whereas" clauses.
The general rule is that an affidavit will cure a defective search warrant if: (1) The affidavit and search warrant are physically connected so that they may be considered one document; and (2) the affidavit is expressly incorporated into the warrant. State v. Carson, 482 So.2d 405 (Fla. 2d DCA 1985), rev. denied, 492 So.2d 1330 (Fla. 1986).
Detective Marquiss testified at the suppression hearing that his staff prepared the packet of material that he presented to the judge containing the affidavit, the search warrant and the return. The pages were numbered consecutively, one of nine through nine of nine except for one apparent typographical error on page seven that read seven of seven, beginning with the affidavit. Detective Marquiss testified that the nine pages, including the affidavit, were stapled once, all pages together, and were handed to the judge in that form. Although both the prosecutor and defense counsel had traveled to the clerk's office in Punta Gorda and found the affidavit and the warrant not stapled together, there was evidence that the clerk's office may have taken the document apart for copying and restapled it. Further, according to Detective Marquiss, the documents, all stapled together, were at appellee's residence at the time the warrant was executed.
First, although the proof of physical attachment here is equivocal, we do not believe this is fatal. In Carson, we did not require physical attachment of the affidavit where the affidavit was contained in a file folder along with the warrant. There, however, the affidavit was specifically incorporated into the warrant by reference. Here, although the affidavit was not specifically incorporated by reference, it was referred to in the three "whereas" clauses. We are inclined to conclude that this is sufficient. We have said:
The test to be applied in determining the validity of a search warrant is whether, when a search warrant is read in a common sense, not technical, way, it shows ample facts to establish probable cause and enables the searcher, with reasonable effort, to identify the place to be searched. The test is one of practical accuracy, not technical nicety.
*416 Clapsaddle v. State, 545 So.2d 946, 947 (Fla. 2d DCA 1989).
Taking the Clapsaddle approach, we conclude that the warrant was valid because it enabled the searcher, with reasonable effort, to identify the place to be searched.
However, even if the warrant was invalid, we believe that the Leon good faith exception applies. Under Leon, the deterrent purpose of the exclusionary rule is not served when the officer is acting in the objectively reasonable belief that the search warrant is valid. As the court observed, "`[O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law.'" (Citations omitted.) 468 U.S. 897, 921, 104 S.Ct. 3405, 3419, 82 L.Ed.2d 677, 697.
Under the circumstances here, we believe the officer was acting in the objectively reasonable belief that the warrant was valid. He had prepared nine pages, including the warrant, affidavit and return, and had stapled them all together. The issuing judge noticed the blank space where the description was supposed to be, mentioned that he did not want any blank spaces and drew a line through the space. He did this in front of Detective Marquiss, signed the warrant and handed it back to the detective. This led Detective Marquiss to believe that the judge had corrected whatever wrong existed on the face of the warrant and that the warrant was now valid.
We believe that this situation is analogous to the United States Supreme Court case of Sheppard. There, the officer "doctored" a controlled substances search warrant form to be used as a search warrant for other items. Although the officer thought he had crossed through all the references to controlled substances in the warrant, he had apparently missed some. Also, the warrant did not specifically incorporate the affidavit by reference. The issuing judge took the form, made some changes on it and dated and signed the warrant. He did not change the portion of the warrant allowing the officers to search for controlled substances, nor did he alter the search warrant form to incorporate the affidavit. The scope of the subsequent search was limited to the items listed in the affidavit. The Supreme Court concluded that the officers took every step that could reasonably be expected of them:
Whatever an officer may be required to do when he executes a warrant without knowing beforehand what items are to be seized, we refuse to rule that an officer is required to disbelieve a judge who has just advised him, by word and by action, that the warrant he possesses authorizes him to conduct the search he has requested.
468 U.S. 981, 989-990, 104 S.Ct. 3424, 3428, 82 L.Ed.2d 737, 744 (1984) (footnote omitted). The officer's behavior there was deemed objectively reasonable and the evidence was not suppressed. We believe the officer's behavior here was equally objectively reasonable in view of the fact that the officer and the judge discussed the blank space, and the judge drew a line across it and signed the warrant, ostensibly indicating that he had made whatever changes were required to render the warrant valid. We believe the Leon good faith exception applies and that the evidence seized should not have been suppressed.
We, therefore, reverse the trial court order granting the motion to suppress and remand for further proceedings.
FRANK and ALTENBERND, JJ., concur.