PARKER, Judge.
The state appeals the trial court’s order granting Marvin R. Howard’s motion to suppress evidence seized during a search of Howard’s residence, specifically arguing that the trial court erred in granting the motion based on the search warrant’s failure to incorporate by reference the affidavit setting forth probable cause for the search. We conclude under the facts of this case that the trial court erred in entering the order granting the motion to suppress and, therefore, reverse.
The search warrant on its face does not set forth the facts establishing probable cause. The warrant, at page two, provided that the facts tending to establish the grounds for probable cause are set forth in a written affidavit. The warrant, however, did not incorporate the affidavit by reference. The record reflects that Howard did not challenge the search warrant on that basis. Instead, Howard challenged the search warrant on the ground that there was no probable cause to support the warrant. In support of his argument, Howard referred to the facts set forth in the affidavit. Following argument on the question of probable cause, the trial court stated -that it was granting Howard’s motion to suppress the evidence on the ground that the warrant failed to incorporate by reference the affidavit. The trial court specifically stated that it was not ruling on the question of probable cause.
We first address the validity of the search warrant. Generally, an affidavit will cure a defective search warrant if: (1) the affidavit and search warrant are physically connected so that they may be considered one document; and (2) the affidavit is expressly incorporated into the warrant. State v. Kingston, 617 So.2d 414, 415 (Fla. 2d DCA 1993) (citing State v. Carson, 482 So.2d 405 (Fla. 2d DCA 1985), review denied, 492 So.2d 1330 (FIa.1986)). We note that, in Kingston, the fact that the search warrant did not incorporate by reference the affidavit was not fatal to the validity of the search warrant. Nor was equivocal evidence of physical attachment fatal to the validity of the warrant. We also note that this court, in Carson, did not require physical attachment of the affidavit to the warrant where the affidavit was contained in a file folder along with the warrant.
Here, the search warrant names Officer Tindall as the affiant and states that Officer Tindall swore to the affidavit in the issuing judge’s presence. The affidavit in the record, located immediately following the warrant, is signed by Officer Tindall. The issuing judge signed the search warrant on December 13, 1994. The affidavit indicates that it was sworn to and subscribed before the judge on December 13, 1994. Although the pages of the search warrant, the affidavit, and the attached Exhibit A are not numbered sequentially, each page of these documents contains the same initials at the lower right hand corner, suggesting that they were prepared as a package. Additionally, the transcript of the suppression hearing contains no testimony or argument suggesting that the affidavit was not attached to the search warrant. In fact, both the state and defense counsel referred to the affidavit in arguing whether probable cause existed to support the warrant. In light of the circumstances suggesting physical attachment, we conclude that the trial *1006 court erred in granting the motion to suppress solely on the ground that the warrant failed to incorporate the affidavit by reference.
Second, we note that even if the search warrant could be considered defective on the basis that the warrant did not specifically incorporate the affidavit by reference, the gpod-faith exception of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), may apply in this case; however, there are insufficient facts in the record to make that determination.
Finally, we conclude that the affidavit established probable cause to support the warrant. The affidavit set forth, among others, the following pertinent facts. The affi-ant officer is a trained narcotics officer. Two confidential informants had advised the officer that Howard possessed large quantities of cocaine at his residence. The officer recently personally collected the contents of a plastic garbage can that were discarded for collection at the edge of the roadway in front of Howard’s residence. The officer had observed the same garbage can inside of Howard’s fenced yard. The contents of the can included plastic bags and razor blades containing cocaine and a small quantity of marijuana. In Machado v. State, 363 So.2d 1132 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 459 (Fla.1979), the court concluded that an affidavit based almost entirely on the personal observations of the affiant police officer, undertaken as a result of information from a reliable confidential informant, meets the probable cause standard for issuance of a warrant.
Reversed and remanded for further proceedings in the trial court.
SCHOONOVER, A.C.J., and FRANK, J., concur.