Fuld, J.
On this appeal by the defendants Donovan and Mencher from convictions for murder in the first degree, the only issue of consequence is the admissibility of Donovan’s written confession. We are thus again confronted with the problem of achieving ‘ ‘ a balance between the competing interests of society in the protection of cherished individual rights * # * and in effective law enforcement and investigation of crime ”. (People v. Waterman, 9 N Y 2d 561, 564.)
James Beatty, a payroll guard, was shot to death during the course of a robbery committed in Queens County on May 10, 1961. Donovan was apprehended on the following day, his codefendant Mencher on May 12. Both were questioned at a police station and after a period of interrogation by police and prosecutor admitted their guilt orally and in writing. The *151 written confession was taken from Donovan after the police had refused to allow an attorney, retained for him by his family while he was in custody, to see or speak with him.[1] In addition — and this the trial court charged the jury “as a matter of law” — at the time the confession was procured, Donovan was being unlawfully detained in violation of our prompt arraignment statute (Code Grim. Pro., § 165; see, also, Penal Law, § 1844).
Since we have concluded that a confession obtained under the circumstances present here is inadmissible under New York law, we find it unnecessary to consider whether or not the Supreme Court of the United States would regard its use a violation of the defendant’s rights under the Federal Constitution. (Compare Crooker v. California, 357 U. S. 433, and Cicenia v. Lagay, 357 U. S. 504, with Culombe v. Connecticut, 367 U. S. 568 and Haynes v. Washington, 373 U. S. 503.)[2] In other words, we are of the opinion that, quite apart from the Due Process Clause of the Fourteenth Amendment, this State’s constitutional and statutory provisions pertaining to the privilege against self incrimination and the right to counsel (N. Y. Const., art. I, § 6; Code Grim. Pro., §§ 8, 188, 308, 699), not to mention our own guarantee of due process (N. Y. Const., art. I, § 6), require the exclusion of a ' confession taken from a defendant, during a period of detention, after his attorney had requested and been denied access to him.
It needs no extensive discussion to establish the high place which the privilege against self incrimination enjoys in our free society. The right of an accused to counsel as a procedural safeguard in our system of government enjoys equal eminence. (See, e.g., People v. Waterman, 9 N Y 2d 561, 565, supra; Cicenia v. Lagay, 357 U. S. 504, 509, supra; Crooker v. California, 357 U. S. 433, 439, supra.) In the case before us, these rights and privileges converge, for one of the most important protections which counsel can confer while his client is being detained by *152 the authorities is to preserve his client’s privilege against self incrimination and prevent the deprivation of that and other rights which may ensue from such detention. It would be highly incongruous if our system of justice permitted the 'district attorney, the lawyer representing the State, to extract a confession from the accused while his own lawyer, seeking to speak with him, was kept from him by the police.
We have held — and the United States Supreme Court has recognized (see Crooker v. California, 357 U. S. 433, 439-440, supra) — that the right to counsel extends to pretrial proceedings as well as to the trial itself. (See, e.g., People v. Waterman, 9 N Y 2d 561, supra; People v. Meyer, 11 N Y 2d 162; People v. Rodriguez, 11 N Y 2d 279, 284-285.) The need for a lawyer is surely as great then as at any other time; as Mr. Justice Black pointedly observed in the course of a dissent, “ The right to use counsel at the formal trial is a very hollow thing when, for all practical purposes, the conviction is already assured by pretrial examination.” (In re Groban, 352 U. S. 330, 344.)
It has, however, been urged that to permit a suspect, in cases such as the present, to confer with an- attorney before talking to the police would preclude effective police interrogation and would in many instances impair their ability to solve difficult cases. (See, e.g., Crooker v. California, 357 U. S. 433, 441, supra; Cicenia v. Lagay, 357 U. S. 504, 509, supra; People v. Escobedo, 28 Ill. 2d 41, 47-50.) Weighty though such considerations be, they do not permit us to ignore rights due the accused under our law. We gave thought to somewhat similar arguments in recent cases and rejected them as insufficient reason for disregarding individual rights when we stamped as impermissible police interrogation of an accused, in the absence of counsel, following his arraignment or indictment and held inadmissible the resulting confessions even though they were concededly uncoerced and voluntary. (See People v. Rodrigues, 11 N Y 2d 279, 28-285, supra; People v. Meyer, 11 N Y 2d 162,164, supra; People v. Waterman, 9 N Y 2d 561, supra; People v. Di Biasi, 7 NY 2d 544.)
We find these arguments equally unsubstantial in this case. Just as in those cases we condemned post-arraignment and post-indictment questioning ‘ ‘ without the protection afforded by the presence of counsel ” (People v. Waterman, 9 N Y 2d, at p. 565), *153 so here we condemn continued incommunicado interrogation of an accused after he or the lawyer retained by him or his family has requested that they be allowed to confer together. And, it necessarily follows, if such a request is refused and a confession thereafter obtained, its subsequent use not only denies the accused the effective assistance of counsel but also, to quote from our opinion in Waterman (9NY 2d, at p. 565), “ contravenes the basic dictates of fairness in the conduct of criminal causes and the fundamental rights of persons charged with crime.”
As a matter of fact, our decision in this ease was in a measure foreshadowed by People v. Noble (9 N Y 2d 571) which also involved a defendant who had been neither arraigned nor indicted. There, the defendant was questioned by an assistant district attorney shortly after his arrest. Ignoring the defendant’s query as to whether he was compelled to answer questions before consulting counsel, the prosecutor persisted in his interrogation and obtained a confession which was received in evidence against the defendant at the trial. The court reversed the conviction, holding that the statement should have been excluded. Judge Dye, speaking for himself and two other members of the court, declared that use of the statement 11 violated the fundamental fairness essential to the concept of justice ” (9NY 2d, atp. 574).
There is a like violation of fundamental fairness in the case now before us.
"We are reminded that, apart from the written confession, there was adequate, indeed' strong, evidence before the jury — such as proof of presence at the scene of the crime and accomplice testimony — to support the verdict of guilt against Donovan. That, however, does not justify an affirmance by this court, for, not knowing what credit and weight the jury gave to the written confession, we cannot say whether the jury would have returned a verdict of guilt if that improperly received statement had been excluded. “ It is for jurors, ’ ’ we wrote in People v. Mleczko (298 N. Y. 153,163), “ not judges of an appellate court such as ours, to decide the issue of guilt ” solely on the basis of evidence properly before them. (See, also, People v. Rosenfeld, 11 N Y 2d 290, 300; People v. Jackson, 7 N Y 2d 142,145; People v. Marendi, 213 N. Y. 600, 618-620.) It cannot be overemphasized *154 that our legal system is concerned as much with the integrity of the judicial process as with the issue of guilt or innocence. The constitutional and statutory safeguards provided for one accused of crime are to be applied in all cases. The worst criminal, the most culpable individual, is as much entitled to the benefit of a rule of law as the most blameless member of society. To disregard violation of the rule because there is proof in the record to persuade us of a defendant’s guilt would but lead to erosion of the rule and endanger the rights of even those who are innocent.
The admission in evidence of Donovan’s written confession requires reversal of his conviction and, since that confession, thus improperly before the jury, implicated his codefendant Mencher, there must also be a reversal of the latter’s conviction in the interests of justice. (See, e.g., People v. Rodriguez, 11 N Y 2d 279, 285, supra; People v. Waterman, 9 N Y 2d 561, 567, supra; People v. Noble, 9 N Y 2d 571, 575, supra; People v. Rudish, 294 N. Y. 500.)
The judgments of conviction should be reversed and a new trial ordered as to each defendant.

. Meneher’s claim that he had personally requested counsel was denied by the police.

. The view has been expressed that, despite the Crooher and Cicenia decisions to the contrary, recent Supreme Court eases presage a holding by that court that “ due process now requires the exclusion of any confession obtained in the absence of counsel when a defendant has requested that one be present during the questioning ” (Broeder, Wong Sun v. United States: A Study in Faith and Hope, 42 Neb. L. Rev. 483, 606).