STATE OF CONNECTICUT *v.* CARMEN A. MORROCCO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 16-6314

Argued February 10—decided May 21, 1964

*Theodore M. Donovan,* of Bristol, for the appellant (defendant).

*Marvin W. Platt,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was tried and convicted by a jury on an information charging him in two counts with "operating under influence of liquor," in violation of General Statutes § 14-227, and failure to drive to the right, in violation of § 14-230. He appeals, assigning error in (1) the denial of his motion to set the verdict aside for insufficiency of evidence and (2) the court's charge to the jury.

The allegation "operating under influence of liquor" should have described the liquor as "intoxicating." The specifics of an offense should be spelled out. *State* v. *Couture,* 151 Conn. 213, 216.

The assignment of error directed to the denial of the defendant's motion to set the verdict aside is made upon the same grounds as the assignment directed to the court's charge. This being so, our review will be limited to whether the court's charge was correct.

From the undisputed facts material to the appeal, the jury could have found the following: On January 18, 1963, at 11:30 p.m., the defendant was operating his automobile in a westerly direction on route 6 in Farmington. While so operating, he was stopped by an officer of the Farmington police department and was arrested for operating a motor vehicle while under the influence of intoxicating liquor. He was taken to police headquarters. Following an interrogation, the officer took the defendant to the West Hartford police headquarters for the purpose of being examined by a doctor. While the defendant was at the West Hartford police headquarters, an attorney, Sherwood Anderson III, called by telephone and asked permission of the Farmington police officer to speak with the defendant. Anderson was told that such permission would have to be approved by Sergeant Celeski, who was in charge of the Farmington police station.

In addition, the defendant offered evidence to prove and claimed to have proved the following: While he was being interrogated at the Farmington police headquarters, he requested the use of a telephone to call an attorney and the request was denied. While the defendant was at the West Hartford police station, Anderson called and then, after talking with the officer, telephoned Sergeant Celeski and was informed by him that he, Anderson, could not speak with the defendant at that time.

The defendant further contends that his interrogation had been completed at the time Anderson called.

The state offered evidence to prove and claimed to have proved the following facts: Shortly before being stopped by the police officer, the defendant was observed operating his car in such a manner that it was weaving from the westbound lane to

the eastbound lane. At no time did the defendant request permission to use the telephone. A friend of the defendant who arrived at the Farmington police headquarters shortly after the defendant's arrival was granted permission to use the telephone. He talked with the defendant and later requested the defendant to use the telephone, and the defendant refused. It is the policy of the Farmington police department to have a doctor examine a defendant charged with the violation of § 14-227. The defendant, after he was examined in West Hartford by a doctor, was taken back to the Farmington police headquarters. He was then given a uniform traffic ticket setting forth the two allegations, and upon furnishing a bail bond he was released at 1:30 a.m.

The defendant has assigned error in the limitations placed by the charge on the application of due process. He requested the court to charge that he was entitled to an acquittal if the jury found that any one of the three following conditions existed: (1) Anderson was denied permission to talk with the defendant by telephone. (2) The interrogation had been completed and the defendant was refused permission to talk with his attorney when his attorney called. (3) The interrogation had been completed and the defendant was refused permission to use a telephone to call his attorney and was then capable of using the telephone. In this respect, the court charged the jury that the defendant had the right to contact his attorney and his attorney had the right to contact him. However, the court continued, before such rights can be recognized, it must be found that three conditions have been met: (1) A request was made by either the defendant or his attorney to communicate with the other and that request was refused. (2) At the time of the request, the defendant's mental faculties, in view of his

sobriety or lack of sobriety, were such that he was able to communicate to the extent that he could understand and make himself understood in relation to the matter at hand. (3) The police at that time had completed their interrogation and medical examination. The court further instructed the jury that if all three conditions were found to exist, the constitutional rights of the defendant had been violated and he must be found not guilty, provided, however, that if the jury failed to find that any one of the conditions had been met, the jury should dismiss the constitutional question from further consideration as it no longer was available as a defense.

The substance of the requests, to the extent that they were correct and adapted to the issues, was incorporated in the charge. The court was not required to charge in the language of the requests. *State* v. *LaFountain,* 140 Conn. 613, 618. Two requests, however, require consideration so far as they relate to the right to counsel and whether the interrogation of the defendant had been completed when the request by counsel to contact the defendant was claimed to have been denied.

The defendant contends that the right to counsel came into existence immediately following his arrest. He argues that the court erred in instructing the jury that even if they found that a request of either the defendant or his counsel to communicate, each with the other, had been refused, such refusal was not a denial of due process unless they also found that the request was denied after the interrogation and medical examination had been completed. The question thus posed is: At what point in a criminal proceeding is the denial of counsel, per se, a contravention of one's constitutional rights? It perhaps should parenthetically be pointed

out that the defendant makes no claim that either § 54-1b or § 54-1c of the General Statutes has been violated. The defendant relies heavily on the following cases. *Powell* v. *Alabama,* 287 U.S. 45; *Betts* v. *Brady,* 316 U.S. 455; *Crooker* v. *California,* 357 U.S. 433; *Cicenia* v. *Legay,* 357 U.S. 504; *Spano* v. *New York,* 360 U.S. 315; *Hamilton* v. *Alabama,* 368 U.S. 52; *Walton* v. *Arkansas,* 371 U.S. 28; *Gideon* v. *Wainwright,* 372 U.S. 335; *White* v. *Maryland,* 373 U.S. 59; *New York* v. *Donovan,* 13 N.Y.2d 148. We are unable to find, after an examination of these cases, any rule that provides that a denial of counsel during the preliminary investigation in a criminal proceeding is, in and of itself, a denial of due process.

In *Powell* v. *Alabama,* supra, the defendants were accused of capital offenses, and from the time of arraignment until the beginning of trial they did not have the aid of counsel in any real sense. In reversing judgments of guilty, the court held (p. 71): "[I]n a capital case, where the defense is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeble mindedness, illiteracy or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law . . . ." The rule in *Betts* v. *Brady,* supra, 473, to the effect that "we cannot say that the Amendment [fourteenth] embodies an inexorable command that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel," was expressly overruled by *Gideon* v. *Wainwright,* supra. In the latter case, it was determined that *Betts* departed from the sound wisdom upon which the holding in *Powell* v. *Alabama,* supra, rested and that the sixth amendment, operative in federal courts, is made obligatory on the

states by the fourteenth amendment, and an indigent defendant in a criminal prosecution in state courts has a right to have counsel appointed for him.

In *Crooker* v. *California,* supra, a request by the defendant to contact counsel was denied him while he was in police custody. The court held (p. 439) that such a denial violates due process not only if the accused is deprived of counsel at his trial on the merits "but also if he is deprived of counsel for any part of the pretrial proceedings, provided that he is so prejudiced thereby as to infect his subsequent trial with an absence of 'that fundamental fairness essential to the very concept of justice.' . . . The latter determination necessarily depends upon all the circumstances of the case." See *State* v. *Culombe,* 147 Conn. 194, 202.[1]

*Cicenia* v. *Legay,* supra, holds that a denial of defendant's request for counsel during police investigation is not violative of due process. The court stated (p. 509) : "On the one hand, it is indisputable that the right to counsel in criminal cases has a high place in our scheme of procedural safeguards. On the other hand, it can hardly be denied that adoption of petitioner's position would constrict state police activities in a manner that in many instances might impair their ability to solve difficult cases." The court then cited with approval the rule in *Crooker* v. *California,* supra, and stated it knew of no rule which forbids interrogation before giving a defendant an opportunity to obtain counsel. It held that "[e]ven in federal prosecutions this Court has refrained from laying down any such inflexible rule." See *McNabb* v. *United*

---

[1] Although *State* v. *Culombe* was reversed (367 U.S. 568), the reversal was on the ground that a confession admitted in evidence was found not to be voluntary.

*States*, 318 U.S. 332; *Mallory* v. *United States*, 354 U.S. 449.

In *Spano* v. *New York*, supra, the court found it unnecessary to consider the question of the right to counsel. *Hamilton* v. *Alabama*, supra, *Walton* v. *Arkansas*, supra, and *White* v. *Maryland*, supra, hold that arraignment in a criminal proceeding is a critical stage and the denial of the right to counsel at that time is a denial of due process. In *New York* v. *Donovan*, supra, the only issue of consequence was the admission of a confession obtained after denial of the right to counsel, and under the New York law it was held that the confession should not have been received in evidence.

We conclude that the rule relating to the right to counsel as set forth in *Crooker* v. *California*, supra, and reiterated in *State* v. *Culombe*, supra, is applicable. The defendant does not contend that the denial of the right to counsel resulted in any prejudice that infected his trial.

The defendant argues that in the dissenting and concurring opinions in several cases, such as *Crooker* v. *California*, supra, *Cicenia* v. *Legay*, supra, and *Culombe* v. *Connecticut*, 367 U.S. 568, the denial of a demand for counsel after arrest was held to be violative of due process. By processes of computation and a consideration of the present membership of the United States Supreme Court, he concludes that if this question is raised again before that court the rule expressed in such opinions will become the majority rule. Be that as it may, we must accept and apply the law on this issue as it is presently construed.

The defendant further assigns error in that the court failed to charge, as requested, that if the jury found that the interrogation had been completed and the defendant was refused permission to talk

with his attorney when his attorney called or was refused permission to call his attorney, he should in either event be acquitted. The court instructed the jury that before such right or rights could be recognized the jury must find that the police had completed their interrogation and medical examination. The defendant contends that a medical examination is not a part of the interrogation. The question thus raised is whether a medical examination is a part of or reasonably appertains to the police investigation in a case involving alcoholic liquor. Nothing in the finding suggests that the defendant was opposed to such an examination or that it was conducted against his will.

In *State* v. *Krozel,* 24 Conn. Sup. 266, 274, relied on by the defendant, the police interrogation had been concluded and all reasonable demands of the police satisfied and the charge made out. The denial of the right to counsel at such a time was held harmful error. Because of the nature of the offense and the defendant's unusual behavior in the instant case, a medical examination might have disclosed that he was suffering from a condition unrelated to the consumption of alcoholic liquor and which might require immediate treatment by a doctor. In such an event, an examination could have been of some benefit to the defendant. Until such a possibility was reasonably exhausted, it could not be said that the investigation had been completed. The court was correct in this element of its charge.

The court committed no error in its charge, and it follows that there was no error in its denial of the motion to set the verdict aside.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.