■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRUZ PINZON, JR., Also Known as CRUZ PINZON BARBOSA, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, ren-

dered April 15, 1975, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court, dated October 8, 1974, which, after a hearing, denied the branch of defendant's motion which sought to suppress any statements or admissions, written or oral. Judgment and order reversed, on the law and the facts, motion to suppress granted, and indictment dismissed. Defendant's two-year-old stepson died on July 18, 1973, according to the physicians' testimony, as the result of injuries caused by a severe trauma to the abdominal area. At approximately 11:00 A.M., defendant was transported by police to a precinct in Bay Shore, where he engaged in conversation with detectives. At 1:10 P.M., after learning of the death of the child, defendant was transported to the homicide squad headquarters in Hauppauge, where he was interrogated and, at approximately 2:30 P.M., he made oral admissions concerning his having beaten the child the evening before. He was thereafter arrested and charged with murder. Between 12:47 P.M. and 12:54 P.M., defendant's attorney made three calls to the Suffolk County Police Department. He identified himself, requested to speak with defendant and asked that defendant not speak with anyone there until he arrived. He was repeatedly informed that defendant was not there. At about 3:58 P.M. he was informed by a detective that no statement had been taken from defendant; this was contrary to fact. Upon the authority of *People v Donovan* (13 NY2d 148) and *People v Arthur* (22 NY2d 325), defendant's statements to police officers after he was taken into custody were inadmissible. In view of the other evidence at the trial, there was insufficient proof to support a conviction of criminally negligent homicide. Margett, Damiani and Rabin, JJ., concur; Hawkins, J., dissents and votes to affirm the order and judgment, with the following memorandum, in which Latham, Acting P. J., concurs: The testimony by the defendant's initial attorney, concerning his several telephone calls to the police, is ambivalent and imprecise. As to the second telephone call, to advise the police that he was representing the defendant and that he wished all questioning to cease, apart from not knowing with whom he had spoken, he testified: "I identified myself * * * and they *[sic]* says *[sic]* 'Cruz Pinzon is not here' ". It was on a subsequent call, concededly terse, made at approximately 4:00 P.M. that day to ascertain the identity of the person or persons to whom he had spoken, that the attorney first noted the name of a police officer and his telephone extension number. Indeed, the note was made upon the express suggestion of Detective Rosenthal, with whom the attorney was speaking, and who told the attorney that there would be no further questioning of the defendant. The only precise data as to which police officer he may have informed of his status as defendant's counsel is contained in his notes of that call. The record discloses that this witness had been cautioned by the Trial Judge against making repeated "gratuitous" expositions. On my reading of his testimony, I find that the attorney—and he so admitted—did not know until 4:00 P.M. where the defendant was being held, or with whom he had previously spoken, other than that he had telephoned the police department's central switchboard. I believe the majority's reliance upon *People v Donovan* (13 NY2d 148) and *People v Arthur* (22 NY2d 325), to be misplaced. In *Donovan,* the Court of Appeals divided four to three. As noted in the concurring opinion of Judge O'Brien (p 154), defendant's attorney was "present and available" when he was denied permission to confer with his client. There furthermore was an admission by the police officer that he would have denied such permission to any attorney. Also present was the factor of an inordinate and unlawful delay in arraigning the defendant. In *People v Arthur (supra,* p 327), the

attorney went to the police station and advised the police that the defendant was in no condition to be questioned; "the defendant made incriminating statements" on the following day. Thus, there was no question of his attorney having given notice to the police officer of his representation and request. For a defendant to be quarantined against questioning, more is required than perfunctory telephone calls made to a central switchboard, without fairly cogent evidence that a responsible police officer had been made aware of the attorney's interest and instructions. As the court held in *People v Robles* (27 NY2d 155, 159), in commenting upon *People v Arthur (supra)*: "In any case, therefore, the rule of *Arthur* is not applicable unless there is evidence of conduct as there was in *Vella* which would indicate an intention to victimize a defendant or outwit his attorney in order to carry on an inquiry." My learned brethren understandably have not deemed it necessary to consider the other points raised by the defendant. In view of my dissent, I believe it proper to note that the trial court conducted an extensive *Huntley* hearing and, after a *Sandoval* hearing, properly admitted testimony as to a prior conviction. Similarly, evidence was properly received of prior injuries inflicted upon the two-year-old infant some three weeks previously· so as to counter any defense that the traumas on the subsequent occasion, which resulted in the infant's death, were accidental. I also deem the sentence imposed after the jury trial not to be excessive. I further dissent from the majority memorandum as they not only reverse the judgment of conviction, but also dismiss the indictment. In my opinion the indictment should not be dismissed, but a new trial ordered, for there appears to be sufficient "untainted" evidence available to warrant conviction after a new trial. I, accordingly, vote to affirm. [82 Misc 2d 436.]