OPINION OF THE COURT
Burton B. Roberts, J.
The defendant has moved pursuant to CPL 440.10 (subd 1, par [d]) to vacate his judgment of conviction. The sole ground alleged is that a confession admitted at the defendant’s trial was obtained in violation of the defendant’s right to counsel under the New York State Constitution.
It is uncontested that the defendant at one point during custodial questioning asked for an attorney and then, after speaking to his girlfriend, changed his mind and gave a statement to the Assistant District Attorney. The defense contends that this conduct is squarely on point with that found unconstitutional in People v Cunningham (49 NY2d 203). This position is beyond cavil and if the issue were presented to the court at a Huntley hearing today, the confession would be suppressed. The issue therefore is: Is Cunningham retroactive and if so, to what extent?
Both the Court of Appeals and the Appellate Division have applied Cunningham retroactively to cases pending on direct appeal (People v Prince, 50 NY2d 883; People v Gordon, 77 AD2d 659). However, the confession in this case was obtained on December 18, 1972, his judgment of conviction was rendered on January 7, 1975 and leave to appeal to the Court of Appeals was denied in January of *886 1977. Thus the defendant’s conviction was final some three years before Cunningham was decided.
In People v Morales (37 NY2d 262) the Court of Appeals adopted a three-prong test for retroactivity proposed by the United States Supreme Court in Desist v United States (394 US 244) and Stovall v Denno (388 US 293). That test involves the consideration of the purpose of the new standard, the extent of reliance by law enforcement- on the old standard and the effect on the administration of justice. In this court’s opinion the third factor is controlling in this case. The reopening of final judgments to retroactively apply Cunningham standards would clearly create a burden on the criminal justice system which far outweighs the beneficial purpose of the new standard.
Moreover, even if the Cunningham standard should be applied retroactively to final judgments, the retroactivity should not extend to this defendant. While the decision in Cunningham has its origins in the so-called Donovan-Arthur line of cases (People v Donovan, 13 NY2d 148; People v Arthur, 22 NY2d 325), the Court of Appeals did not turn clearly to its current path on this issue until People v Hobson (39 NY2d 479; see People v Cunningham, 49 NY2d 203, 209, supra). To apply Cunningham to conduct which occurred in 1972 more than three years prior to Hobson would require of prosecutors, police and trial courts a prescience previously reserved to the oracle at Delphi.
The motion therefore is denied in all respects.