476 So.2d 192 (1985)
Jerry HALIBURTON, Appellant,
v.
STATE of Florida, Appellee.
No. 64510.
Supreme Court of Florida.
August 30, 1985.
Rehearing Denied October 24, 1985.
*193 Charles W. Musgrove, West Palm Beach, for appellant.
Jim Smith, Atty. Gen. and Russell S. Bohn, Marlyn J. Altman and Penny H. Brill, Asst. Attys. Gen., West Palm Beach, for appellee.
SHAW, Justice.
This is a direct appeal from convictions for burglary and first-degree murder and a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We reverse.
The body of Don Bohanon was found in his bed on the afternoon of August 9, 1981. Medical evidence indicated that death, caused by multiple stab wounds, had occurred sometime after 12:30 a.m. that morning. The perpetrator had gained entry to the victim's apartment by removing glass panes from a jalousie door. Fingerprint evidence led the police to appellant, who lived nearby in downtown West Palm Beach.
Appellant was taken to the police station on August 13, 1981, at about 6:30 a.m., advised of his rights, and questioned until 9:30 a.m., and then again at 10 a.m. for another ten minutes. He submitted to a polygraph examination at 2:05 p.m. Meanwhile appellant's sister retained an attorney to represent him. The attorney called the police near the end of the polygraph examination and requested that the questioning stop. The attorney arrived at the police station a few minutes before 4 p.m. and asked to speak with appellant, but was not allowed to do so. Appellant gave a recorded statement from 3:56 until 4:20 p.m. that was played to the jury. By 4:18 p.m. the attorney had a telephone court order requiring that the police give him access to appellant. After the judge's second phone call, the police chief ordered that the interrogation cease, and the attorney was able to see appellant.[*]
Appellant did not admit to committing the murder in the recorded statement that concluded at 4:20 p.m., but he did admit breaking in and seeing the body. He was arrested for first-degree murder and burglary. The grand jury did not return an indictment for the murder, and he was released on bond. The right to speedy trial was waived on December 17, 1981.
Subsequently appellant's brother and his brother's girlfriend went to the police, stating that appellant had admitted on separate occasions to each of them that he had committed the murder. With this additional evidence, the state attorney obtained a grand jury indictment on March 24, 1982. The trial jury returned verdicts of guilt for the burglary and first-degree murder and recommended the death sentence, which the trial court imposed.
Appellant first argues that the 180-day speedy trial period of Florida Rule of Criminal Procedure 3.191(a)(1) expired on February 9, 1982, as to the murder because of his August 13, 1981, arrest. He claims that the subsequent waiver of speedy trial, following the grand jury's refusal to indict, applied only to the burglary charge and that his murder conviction must be reversed and the cause remanded with instructions to discharge him. We disagree. "A defense continuance constitutes a specific waiver of the speedy trial rule (or, more properly, an estoppel precluding reliance on the rule) as to all charges which emanate from a single criminal episode." Gallego v. Purdy, 415 So.2d 166, 167 (Fla. 4th DCA 1982) (citing State v. DeSimone, 386 So.2d 283 (Fla. 4th DCA 1980); State v. Corlew, 382 So.2d 787 (Fla. 2d DCA 1980)).
We find merit in appellant's second argument, however, that the trial court erred in refusing to suppress the statements appellant gave subsequent to the time the attorney arrived at the police station and requested access to him. Although a defendant's right to have counsel present during custodial interrogation may be waived, the waiver must be knowingly *194 and intelligently made. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
In finding that appellant did not waive his right to counsel, we agree with Chief Justice Bevilacqua of the Rhode Island Supreme Court in State v. Burbine, 451 A.2d 22, 35 (R.I. 1982) (Bevilacqua, C.J., dissenting) (emphasis in original):
[A]lthough a suspect has previously been informed of his abstract right to counsel and has waived that right, he must be informed when his counsel actually seeks to advise him and must knowingly and intelligently reject such opportunity before subsequent statements may be taken and used against him. State v. Haynes, 288 Or. at 70, 602 P.2d at 273.
Our emphasis is on fairness in apprising a defendant of the recourse available to him. In order for the right to counsel to be meaningful, a defendant must be told when an attorney who has been retained on his behalf is trying to advise him. If the defendant wishes to reject the opportunity for such advice, he may do so. The determination of the need for counsel is the defendant's prerogative. State v. Craig, 237 So.2d 737 (Fla. 1970). The police do not have to obey a telephone order of an attorney to cease questioning a defendant, but do have to advise a defendant that an attorney retained on his behalf wishes to speak with him. In Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), the Supreme Court quoted with approval from People v. Donovan, 13 N.Y.2d 148, 243 N.Y.S.2d 841, 193 N.E.2d 628 (N.Y. 1963):
[T]hat court, in an opinion by Judge Fuld, held that a "confession taken from a defendant, during a period of detention [prior to indictment], after his attorney had requested and been denied access to him" could not be used against him in a criminal trial. The court observed that it "would be highly incongruous if our system of justice permitted the district attorney, the lawyer representing the State, to extract a confession from the accused while his own lawyer, seeking to speak with him, was kept from him by the police."
Escobedo, 378 U.S. at 486-87, 84 S.Ct. at 1762-63 (citations and footnotes omitted). See also Darwin v. Connecticut, 391 U.S. 346, 88 S.Ct. 1488, 20 L.Ed.2d 630 (1968). In Donovan, as in the present case, counsel had been retained on the defendant's behalf by his family. Our holding turns on the fact that the attorney retained by appellant's sister on his behalf was in the station house requesting to speak with appellant. The failure of the police to convey this information to appellant violated his otherwise valid waiver.
The state argues that we should find appellant's waiver valid under our decision in State v. Craig. We are unpersuaded, however, as the issues before us in Craig were the adequacy of the preinterrogation warnings to inform the defendant of his right to consult with an attorney and have the attorney with him during interrogation and the manner in which the defendant expressed his desire to waive counsel.
Accordingly, we find the failure to suppress the recorded statement to be reversible error. We therefore reverse the convictions for burglary and first-degree murder and remand for a new trial.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
NOTES
[*] On a subsequent occasion, the same police department did not so readily acquiesce to the same judge's order. Jamason v. State, 455 So.2d 380 (Fla. 1984), cert. denied, and appeal denied, ___ U.S. ___, 105 S.Ct. 768, 83 L.Ed.2d 766 (1985).