514 So.2d 1088 (1987)
Jerry HALIBURTON, Appellant,
v.
STATE of Florida, Respondent.
No. 64510.
Supreme Court of Florida.
October 1, 1987.
Rehearing Denied November 24, 1987.
*1089 Charles W. Musgrove, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We reversed Jerry Haliburton's first-degree murder and burglary convictions in Haliburton v. State, 476 So.2d 192 (Fla. 1985), finding that the trial court reversibly erred in refusing to suppress Haliburton's statement made while an attorney, retained on his behalf, was at the police station requesting to speak with him. We found that the police's failure to notify appellant that an attorney was present and requesting to see him deprived the appellant of information essential to a knowing and intelligent waiver of his right to counsel under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The United States Supreme Court has rejected this interpretation of Miranda and Escobedo in Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). The Court has vacated Haliburton and remanded the cause for reconsideration in light of Burbine. Florida v. Haliburton, 475 U.S. 1078, 106 S.Ct. 1452, 89 L.Ed.2d 711 (1986). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The facts of Burbine are similar to those of the instant case. An attorney, contacted by Burbine's sister on his behalf but without his knowledge, called the police station and was told that Burbine would not be questioned until the following day. Less than an hour later, after Miranda warnings, the police began a series of interrogatories that resulted in three signed statements admitting to the murder. The Court held that neither the police conduct, nor Burbine's ignorance of the attorney's efforts to reach him, undermined the waiver of his fifth amendment rights so as to require exclusion of the statements. The Court considered the police conduct irrelevant since it found that knowledge of the attorney's telephone call was not essential to a knowing and intelligent waiver of Burbine's Miranda rights. In addition, the Court found that Burbine's sixth amendment right to counsel had not attached because the government had not committed itself to prosecution at the time the statements were made. The Court found no fourteenth amendment violation, but noted that on facts more egregious than those in Burbine, police conduct might rise to the level of a due process violation. The Court plainly stated, however, that its decision *1090 does not disable "the States from adopting different requirements for the conduct of its employees and officials as a matter of state law." 106 S.Ct. at 1145.
Appellant urges us to reaffirm our initial reversal of his conviction, arguing, inter alia, that the police conduct in the instant case is distinguishable from, and more egregious than, the police conduct in Burbine. He claims that the conduct denied him due process of law under article I, section 9, of the Florida Constitution. The state contends that the conduct at issue is in fact less egregious than in Burbine and does not rise to the level of a due process violation since the police did not misinform or deceive Haliburton's attorney as to his client's status. We disagree. As Justice Stevens stated in his Burbine dissent, any "distinction between deception accomplished by means of an omission of a critically important fact and deception by means of a misleading statement, is simply untenable." Id. at 1158 (Stevens, J., dissenting). Further, "there can be no constitutional distinction ... between a deceptive misstatement and the concealment by the police of the critical fact that an attorney retained by the accused or his family has offered assistance, either by telephone or in person." Id. (footnote omitted).
Further, the attorney in the instant case not only telephoned the police station as to the status of his client, but subsequently arrived at the station and requested access. As the Oregon Supreme Court has observed, "[t]o pass up an abstract offer to call some unknown lawyer is very different from refusing to talk with an identified attorney actually available to provide at least initial assistance and advice, whatever might be arranged in the long run." State v. Haynes, 288 Or. 59, 72, 602 P.2d 272, 278 (1979), cert. denied, 446 U.S. 945, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). Haliburton was not told of the attorney's presence or request. The police refused access even in the face of a circuit court judge's telephonic order that the attorney be allowed to see the suspect.[*] Only after a second telephone call from the judge was the attorney allowed to see his client. We find that this conduct violates the due process provision of article I, section 9 of the Florida Constitution. Again we must agree with Justice Stevens that
due process requires fairness, integrity, and honor in the operation of the criminal justice system, and in its treatment of the citizen's cardinal constitutional protections... . [P]olice interference in the attorney-client relationship is the type of governmental misconduct on a matter of central importance to the administration of justice that the Due Process Clause prohibits... . Just as the government cannot conceal from a suspect material and exculpatory evidence, so too the government cannot conceal from a suspect the material fact of his attorney's communication.
106 S.Ct. at 1165-66 (Stevens, J., dissenting).
Since Haliburton was vacated in full, we again address appellant's argument that, not only should his conviction be reversed, but that he should be discharged because his waiver of the right to a speedy trial, following the grand jury's refusal to indict for murder, applied only to the burglary charge. We disagree. "A defense continuance constitutes a specific waiver of the speedy trial rule (or, more properly, an estoppel precluding reliance on the rule) as to all charges which emanate from a single criminal episode." Gallego v. Purdy, 415 So.2d 166, 167 (Fla. 4th DCA 1982) (citing State v. DeSimone, 386 So.2d 283 (Fla. 4th DCA 1980); State v. Corlew, 382 So.2d 787 (Fla. 2d DCA 1980)).
In accordance with the views expressed herein, we hold as a matter of state law that the failure to suppress appellant's statements obtained in violation of due process of law was reversible error. We reverse and remand for a new trial thereby rendering the remaining issues moot.
It is so ordered.
EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
*1091 OVERTON, J., dissents with an opinion, in which McDONALD, C.J., concurs.
OVERTON, Justice, dissenting.
I dissent. Haliburton's statements were not involuntary and are clearly admissible. The United States Supreme Court, in its recent decision in Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986), under almost identical circumstances, held that neither the police conduct nor the defendant's lack of awareness regarding the attorney's efforts to reach him would have the effect of invalidating the waivers entered into by the defendant. The United States Supreme Court held that there was neither a fifth amendment nor a sixth amendment violation under these circumstances. In the instant case, Haliburton does not contend that the waivers obtained were involuntary. In fact, the record in this case reflects clearly the reason why the appellant was making the statement. He had been confronted with evidence that he had burglarized the victim's home during the approximate period of the murder and he was trying to convince the police that, although he had burglarized the home, he had not murdered the victim. In my view, since the statement was voluntarily made, it should be admissible into evidence. I do not find any justifiable basis for holding that the due process clause of the Florida Constitution should be interpreted more broadly than the due process clause of the United States Constitution. Further, in this case, unlike Moran, the police did not deceive the attorney who was seeking access to Haliburton. The attorney was informed of appellant's status, but, on the advice of police counsel, was advised that he could not have access. I do not condone the conduct of the police in denying access to an attorney employed by the appellant's sister to represent Haliburton. However, since the statement was voluntary, it should be admitted.
McDONALD, C.J., concurs.
NOTES
[*] We discussed the duty of law enforcement officers to obey telephonic court orders in Jamason v. State, 455 So.2d 380 (Fla. 1984).