DAUKSCH, Judge.
Edythe Robinson appeals her conviction for second degree murder contending that a videotape of her statement to the police was improperly admitted into evidence. She contends that the videotape was so prejudicial that she should be entitled to a new trial. We agree.
Edythe Robinson’s husband was murdered on May 20, 1985, and she became the prime suspect. She gave numerous statements to the police concerning the events of her husband’s death. The first statement was given at the crime scene. The second and third statements were at an interview conducted at the police station on the same day as the crime. Both a written and audio-recorded statement were made at this time. The fourth statement was made during an interrogation the same evening as the murder. The fifth statement was in December 1985. The sixth statement, the videotape, which is the subject of this appeal, was made in June 1986.
Before the videotaped statement was made, the police called appellant and asked her to come to the station and make a statement. She said that she would be *611 there with her attorney but when she arrived, her attorney was not there yet. The investigating officer said “Why don’t we go back and begin to get this show on the road” and she agreed. Although appellant had been given Miranda[1] warnings before the previous statements, she was not given the warnings at this time. The officer proceeded with the interview. The video equipment was concealed behind a two-way mirror and not disclosed to appellant.
When appellant’s attorney arrived at the police station, he attempted to find her and was informed that she was already in interrogation with the police. The attorney demanded to see his client and was physically prevented from going to that part of the police station by uniformed officers. The attorney telephoned the state attorney’s office and advised them of the situation. The attorney was then asked by the police to wait outside the interrogation room or face the risk of being arrested for interfering with a police officer in the performance of his duties. The attorney was denied access to the interrogation room for at least thirty-five minutes before finally being permitted to enter. Upon entering the interrogation room, the attorney terminated the interrogation.
A motion to suppress the entire videotaped statement was denied. The videotape was admitted into evidence and played for the jury. During deliberations, the jury requested a video cassette player and requested to view the videotaped statement a second time.
There is little question that the police conduct in denying appellant access to her attorney violated her due process rights[2] and the trial court erred by not suppressing the videotaped statement. Haliburton v. State, 514 So.2d 1088 (Fla.1987); compare Harvey v. State, 529 So.2d 1083 (Fla.1988). The egregious nature of the police conduct is clearly shown by the threat to arrest appellant’s attorney and physically preventing the attorney from entering the interrogation room. This conduct is aggravated by the fact that the police were aware that appellant was being represented by counsel and that he was to be present during the interview. Finally, the fact that appellant was not aware that her statement was being videotaped is the kind of conduct that shocks the sensibilities of civilized society and indicates a clear violation of appellant’s due process rights.
There is no question that the admission of the videotape was not harmless error. Although appellant’s statements were all uniform and presented no major revision, the videotape showed an actual picture of what appellant was like during police questioning. The videotape does not portray a mourning widow but rather the demeanor of a woman who is attempting to explain for the sixth time, and over a year later, her account of what happened when her husband died. We reverse the order denying the suppression of the videotape and the conviction. A new trial is ordered.
REVERSED and REMANDED.
ORFINGER and DANIEL, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Fla. Const, art. I, § 9.