PER CURIAM.
The state appeals an order granting defendant Hanna’s motion for new trial following his conviction of second degree murder and shooting or throwing a deadly missile into an occupied building. The court suppressed the use of his confession in the new trial. We reverse.
Hanna was arrested on October 30, 1986, in connection with a home invasion robbery. He was advised of his constitutional rights and stated he understood them. Hanna called his wife. He did not request an attorney, but told his wife he was under arrest.
Mrs. Hanna contacted an attorney to represent Hanna. Twice that evening, the attorney called the police station, identified himself as Hanna’s attorney, and asked to speak with the detective in charge of Hanna’s case. Both times he was told that no one was available. The attorney left messages requesting the police to call him be *387 fore questioning Hanna. Despite his requests, the officers proceeded with questioning.
When the police asked Hanna about the home invasion robberies, he disclaimed knowledge of the robberies; and the officers terminated the interview, although a homicide detective questioned him about an unrelated murder charge. Hanna was advised again of his constitutional rights, and he signed a written waiver; he never mentioned an attorney. Hanna then confessed to his involvement in the murder and signed a formal statement admitting his guilt. The detectives were not told that Hanna’s attorney had called until the next morning. Hanna’s attorney did not go to the police station to see his client until that afternoon.
Prior to trial, Hanna sought to have the confession suppressed. The trial court denied the motion. Hanna was tried and found guilty of second degree murder with a firearm and of shooting or throwing a deadly missile into an occupied building. His counsel requested a new trial and suppression of the confession on the authority of Haliburton v. State, 514 So.2d 1088 (Fla.1987). In Haliburton, the supreme court held that refusal to permit an attorney to see his client in custody in the police station constituted a violation of constitutional rights. Applying Haliburton, the trial court granted the motions for new trial and for suppression of the confession. The state appeals.
We agree with the trial court that Hali-burton requires suppression of confessions obtained following police refusal to make a defendant available to his attorney; however, Haliburton was decided almost one year after the improper police conduct, and its holding is not retroactive. Jones v. State, 528 So.2d 1171 (Fla.1988). Accordingly, we reverse the trial court’s orders and remand for reinstatement of the conviction.
REVERSED AND ■ REMANDED.