SMITH, Judge.
This is an appeal from an order suppressing statements made by the appellee on two separate occasions. We affirm in part and reverse in part.
On August 22, 1986, the appellee was arrested on a warrant for sexual battery of a child less than twelve years of age and for lewd and lascivious assault. Appellee was tried and convicted of lewd and lascivious behavior upon a child. The trial court granted appellee’s motion for a new trial, and the state appealed. This court affirmed. State v. Allen, 519 So.2d 1076 (Fla. 1st DCA 1988).
On remand, appellee filed a second motion to suppress statements made while he was in police custody. The first statement was made as the appellee was undergoing interrogation. The trial court found that while the appellee waived properly given Miranda warnings, the statement at issue was given as an attorney secured for the appellee by members of his family was attempting to reach him. The state concedes that sometime before, or at least during, the time the appellee was being questioned, attorney Justin Lipman, who had represented the appellee in a workers’ compensation matter, telephoned the booking desk of the jail. An unidentified person answered the call and informed Lipman that the appellee had not been booked and told Lipman to call the Investigation Department of the Escambia County Sheriff’s Office. Lipman then called Investigations and was erroneously informed by a second unidentified person that the appellee was not present when in fact he was. The trial court found that while there was no deliberate deception by the sheriff’s office, the appellee’s location was easily ascertainable.
After the questioning ceased, police escorted the appellee from the sheriff’s office to the jail across the street. Before he reached the jail, the appellee’s wife approached him and told him not to talk. The appellee responded that he had done so already, and then, addressing his wife, he made a second incriminating statement which was overheard by a law enforcement officer. Appellee sought also to suppress this statement.
Following a hearing, the trial court granted the motion to suppress, citing as authority Haliburton v. State, 514 So.2d 1088 (Fla.1987) (Haliburton II). Though it had earlier found that the appellee’s waiver of his Fifth Amendment rights was voluntary, the trial court held that a defendant’s statements should not be considered at trial when a defendant’s attorney is actively attempting to make contact with the client at the time a statement is being made. We agree.
In Haliburton v. State, 476 So.2d 192 (Fla.1985) (Haliburton I), convictions for burglary and first degree murder were reversed because the state failed to inform an accused that an attorney retained on his behalf was trying to advise him. Said the Supreme Court:
Our emphasis is on fairness in apprising a defendant of the recourse available to him. In order for the right to counsel to be meaningful, a defendant must be told when an attorney who has been retained *764 on his behalf is trying to advise him. If the defendant wishes to reject the opportunity for such advice, he may do so. The determination of the need for counsel is the defendant’s prerogative. The police do not have to obey a telephone order of an attorney to cease questioning a defendant, but do have to advise a defendant that an attorney retained on his behalf wishes to speak to him.
Id. at 194 (emphasis in original; citation omitted.)
The United States Supreme Court held in Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986), that an accused’s Miranda rights were not violated when police failed to inform a suspect that his attorney had attempted to contact him and when police erroneously informed the attorney when interrogation was to be conducted. The Supreme Court stated that “we have never read the [United States] Constitution to require that the police supply a suspect with a flow of information to help him calibrate his self-interest in deciding whether to speak or stand by his rights.” 106 S.Ct. at 1141. The Court declared that “[n]othing in the Constitution vests in us the authority to mandate a code of behavior for state officials wholly unconnected to any federal right or privilege.” Id. at 1143. The Supreme Court added that states were not precluded from “adopting different requirements for the conduct of its employees and officials as a matter of state law.” Id. at 1145.
In Haliburton II, an appeal following remand, the Florida Supreme Court made it clear that the rule announced in Halibur-ton I was mandated by the due process guarantee of article I, section 9 of the Florida Constitution. See also, Harvey v. State, 529 So.2d 1083 (Fla.1988). The ap-pellee’s Miranda rights are not at issue in the instant case, and therefore Moran v. Burbine is unpersuasive in this case. Here, the concern is police interference with the attorney-client relationship to the extent that due process as guaranteed by the state Constitution is denied.
In the instant case, the state argues that the Haliburton rule need not be applied because the Escambia County Sheriff’s Office did not intentionally mislead counselor Lipman. Because the conduct of the police was not “egregious,” the state argues, there was no due process violation in the instant case. However, the Florida Supreme Court emphasized in Haliburton II that:
[Distinction between deception accomplished by means of an omission of a critically important fact and deception by means of a misleading statement, is simply untenable.... [T)here can be no constitutional distinction ... between a deceptive misstatement and the concealment by the police of the critical fact that an attorney retained by the accused or his family has offered assistance, either by telephone or in person.
514 So.2d at 1090 (quoting from Justice Stevens’ dissent in Moran v. Burbine, 106 S.Ct. at 1158).
We find this language unequivocal, and so we cannot distinguish the instant case from Haliburton on the fact that police did not intentionally misinform Lipman of the appellee’s whereabouts. It should be emphasized that the constitutional error in the instant case was the failure to tell the appellee that an attorney wished to speak with him. That the police did not mean to provide Lipman with erroneous information is not the point. Due process under the Florida Constitution requires that an accused be told that an attorney summoned in his behalf wishes to speak with him, and there is no question that the police in the instant case failed to so inform the appellee, and thus denied to appellee the benefit of the advice of counsel to which he was entitled under both the* Florida and federal constitutions.
The state mistakenly relies on Harvey v. State, supra, in which the Florida Supreme Court held that a defendant’s state due process rights were not violated when police refused to allow a public defender to speak with the accused. The Harvey court distinguished Haliburton on the basis that neither the accused nor any member of his family had requested the assistance of this public defender. Rather, he had taken it upon himself, after learning of the arrest, *765 to inquire whether the accused needed counsel. In Harvey, the Supreme Court noted that in Haliburton I the defendant’s sister had called a “specific attorney” to represent her brother. 529 So.2d at 1085. Likewise, in the instant case, the record shows that at the time of his arrest, the appellee told members of his family to contact Justin Lipman. Accordingly, Harvey v. State, is not controlling as it is factually distinguishable.
Because Haliburton I is clearly controlling, the trial court properly suppressed any statements made by the appellee during his interrogation. However, as for the suppression of the statement made by the appellee to his wife while being escorted to the jail, we find the trial court erred. The rule announced in Haliburton would not prohibit the use of the parking lot statement since the appellee’s due process rights were not violated by police during the escort to jail. Clearly, at that point, the appellee was not subject to custodial interrogation and the police were not interfering with the attorney-client relationship. The appellee has cited to this court no authority upon which to hold the parking lot statement to his wife inadmissible.
Accordingly, the order granting, the motion to suppress is AFFIRMED in part and REVERSED in part, and the cause is REMANDED.
THOMPSON and MINER, JJ., concur.