PER CURIAM.
The state challenges the trial court’s dismissal on speedy trial grounds of count II, charging Dino Savorelli with conspiring to traffic in cocaine. We agree with the state that Savorelli’s waiver of speedy trial for count I, charging trafficking in cocaine, applies as well to count II because the trial court specifically found that the two charges arose from the same set of facts. Accordingly, we reverse the dismissal and remand for further proceedings.
The state arrested Savorelli in November 1993 for possession of cocaine, trafficking, and conspiracy, but initially charged him only with one count of trafficking in cocaine during October 1993. Ten months after the initial charge, the state added count II, conspiracy to traffic in cocaine during February 1993. Before the state added count II, Savo-relli twice moved to continue, specifically waiving speedy trial. After the state added count II, Savorelli filed a third motion to continue. Subsequently, Savorelli moved to dismiss or alternatively to sever counts I and II, alleging that the crimes charged in the two counts occurred on different dates at different places and were not based on the same act or transaction, and that the state violated Savorelli’s speedy trial rights by fading to add count II untd ten months after the initial trafficking charge. The trial court granted the motion to dismiss count II, holding that although Savorelli “had waived speedy trial several times during the pruden-cy [sic] of this cause, ... that Defendant could not be held to have waived speedy trial as to Count II prior to the time the charge came to legally exist.” We disagree with the trial court’s legal conclusion.
The trial court’s order contains the specific factual finding that the crimes charged in the two counts “arose out of the same set of facts.” The record contains support for that factual finding. When more than one charge arises from the same criminal episode, a defendant who waives speedy trial for one of those charges thereby waives his right to speedy trial for additional charges. Haliburton v. State, 514 So.2d 1088 (Fla.1987). In Haliburton, the defendant waived speedy trial after a grand jury indicted him for burglary. The grand jury then indicted him for first-degree murder. The supreme court held that the waiver of speedy trial applied to both the burglary charge and the first-degree murder indictment because both charges emanated from the same criminal episode. 514 So.2d 1088.
Here, as in Haliburton, the court specifically found that counts I and II arose from the same set of facts. Thus, Haliburton controls, and Savorelli’s waivers of speedy *1085 trial for count I apply to both count I and count II. Thus, the state’s failure to add count II until ten months after Savorelli’s arrest did not violate Savorelli’s right to speedy trial, and the trial court improperly dismissed count II. Therefore, we reverse the order dismissing count II and remand for further proceedings.
Reversed and remanded.
PATTERSON, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.