802 So.2d 485 (2001)
Arnold BELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-3562.
District Court of Appeal of Florida, Third District.
December 26, 2001.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before JORGENSON, and RAMIREZ, JJ., and NESBITT, Senior Judge.
RAMIREZ, J.
Arnold Bell appeals his conviction and sentences for four counts of sexual battery on a child less than twelve years of age, and four counts of lewd, lascivious or indecent assault on a child under sixteen years of age. We affirm.
Bell first asserts that the trial court erred in denying his motion to suppress a videotaped statement because he was not made aware that his statement was being videotaped. He relies on Robinson v. State, 535 So.2d 610 (Fla. 5th DCA 1988), which suppressed a videotaped statement. However, as explained in Bedoya v. State, 779 So.2d 574, 579-80 (Fla. 5th DCA 2001), in Robinson, the defendant had agreed to speak with officers as long as her attorney was present. When the attorney was late, the officers began the interview without him and upon his arrival denied him admission into the interview room. We agree with Bedoya that "a defendant does not have a reasonable expectation of privacy in a police interview room." Id. at 579.
We also affirm the trial court's denial of the motion to dismiss the amended complaint because the state showed clearly and convincingly that it had exhausted all reasonable means of narrowing the time frames alleged in the information. See Dell'Orfano v. State, 616 So.2d 33, 35 (Fla. 1993).
*486 Finally, we conclude that there was sufficient evidence to convict Bell of sexual battery as charged in Count Three of the amended information.
Affirmed.