DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRANDON NICHOLAS SANTOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1064

[April 25, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502012CF010088AMB.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant was convicted of first-degree murder with a firearm under sections 775.087 and 782.04, Florida Statutes (2012), and sentenced to life imprisonment without the possibility of parole. On appeal, appellant argues that the trial court erred by failing to suppress his custodial interview because the police did not inform him that an attorney was attempting to invoke his right to remain silent during the interrogation. He also claims that the court improperly refused to give a curative instruction during closing arguments. We affirm on both points.

A few days after the murder, the police conducted three interviews with the appellant, only the last of which was a custodial interrogation. During the second interview, appellant detailed the murder and confessed that he planned the crime in advance. Following his arrest, appellant was interviewed at the police station, where he again confessed. During this third interview, appellant's father called a detective assigned to the murder case, although not present at the station. He informed the detective that he hired an attorney to represent his son and that the attorney advised

him not to let the appellant speak to law enforcement. Minutes later, the attorney left this detective a voicemail, attempting to invoke the appellant's right to remain silent. At trial, appellant moved to suppress the third interview, arguing that the police violated his due process rights by not informing him that the attorney was attempting to assist him.

For motions to suppress, we afford a presumption of correctness to a trial court's factual findings, but review de novo questions of law. *Wyche v. State*, 987 So. 2d 23, 25 (Fla. 2008). It is a violation of due process for the police not to inform a defendant that an attorney retained by the accused's family has offered assistance. *Haliburton v. State*, 514 So. 2d 1088, 1089-90 (Fla. 1987); *see Bruce v. State*, 92 So. 3d 902, 906 (Fla. 4th DCA 2012) ("Under *Haliburton II*, a suspect must be informed promptly of efforts by a lawyer to provide legal assistance relating to the detention."). However, in light of appellant's second confession, we find that the trial court's failure to suppress the third interview was harmless beyond a reasonable doubt. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

Appellant further contends that during the State's closing rebuttal argument, the prosecutor indicated that the appellant's motive for killing the victim was her race. The court sustained defense counsel's objection to the comment, but it refused to give a curative instruction. Because appellant failed to move for mistrial, the issue is waived. *See Ayalavillamizar v. State*, 134 So. 3d 492, 497-98 (Fla. 4th DCA 2014). Any error was not fundamental.

*Affirmed.*

WARNER, GROSS and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***